## Ex Parte Lars Johnson.

ALIENS. *Naturalization. Constitution and laws. Ignorance.*

An alien, otherwise entitled to naturalization, should not be denied the right of becoming a citizen because, upon examination by the court, he displays gross ignorance of the constitution and laws of the United States.

FROM the circuit court of Harrison county.

HON. JAMES H. NEVILLE, Judge.

Johnson, appellant, made application to the court below for naturalization, was denied the right of becoming a citizen, and

appealed from the judgment, dismissing his petition, to the supreme court. The facts are stated in the opinion of the court.

*Harper & Harper,* for appellant.

The appellant should have been naturalized. *In re Rodriguez,* 81 Fed. Rep., 354.

*Monroe McClurg,* attorney-general, *contra.*

One of the requisites of naturalization is that the applicant shall be "attached to the principles of the constitution of the United States." No man can be attached to principles of which he knows nothing. Appellant is so densely ignorant of the principles of the constitution that he cannot be attached to them.

Calhoon, J., delivered the opinion of the court.

Lars Johnson, a very ignorant Swede, had complied in every respect with the naturalization laws of the United States prescribing the preliminary acts required of the applicant before the final act of making him a citizen. He produced evidence, had behaved as a man of good moral character, attached to the application, since 1893; that he was married there, owned real estate there; that his moral character was good, and that he had behaved as a man of good moral character, attached to the principles of the constitution of the United States, and well disposed to the good order and happiness of the same. This was shown by his own oath, supplemented by the testimony of another person. But he was then questioned personally by the court, and showed great ignorance of the laws and the constitution of the United States. The court said it could not see how he could be attached to the institutions of the country when he did not know what they were, and so refused to admit him to citizenship.

We are constrained to differ from the learned court. Very few citizens, comparatively, can give any idea of the laws

or constitution of the United States, and many who think they can are often grievously in error according to the opinions of other men. The act of congress does not require learning, statesmanship, or legal acquirements, but that simply the applicant should behave as one should behave who is attached to the principles of the constitution. The most ignorant day laborer may so conduct himself as to be as worthy a citizen as any of the numerous great men of the nation. It is not required that he have the capacity and information to make a constitutional argument. *In re Rodriguez,* 81 Fed. Rep., 355, cited by counsel, was almost precisely the case at bar in this feature of it, and we adopt the reasoning and conclusion of that case. Johnson was not applying to register or vote in Mississippi, but to become a citizen of the United States under an act of congress, which cannot be affected by our constitution or laws.

*Reversed and remanded for decree admitting the petitioner to citizenship.*