## UNITED STATES v. BREEN.

(Supreme Court, Appellate Division, Second Department.    December 30, 1909.)

1. ALIENS (§ 67*)—NATURALIZATION—JURISDICTION.

Naturalization proceedings being like unto a civil action or proceeding, and the first step in the judicial proceeding of admission being the petition, provided for by Act Cong. June 29, 1906, c. 3592, § 4, subd. 2, 34 Stat. 597 (U. S. Comp. St. Supp. 1909, p. 478), which is required to be verified with statements that petitioner had been a resident of the United States for five years, and of the state, territory, or district in which the application is made for a year, immediately preceding the filing of the petition, and section 4, subd. 4, providing that it shall be made to appear that the alien had resided five years in the United States, and within the state or territory where such court is held one year, change of residence of the alien, after filing the petition and before the hearing thereof, from one judicial district of the Supreme Court to another thereof, will not deprive the court in which the petition was filed of jurisdiction, even if section 3, conferring jurisdiction to naturalization on certain courts, and providing that the naturalization jurisdiction of all such courts shall extend only to aliens residing in the respective judicial districts of such courts, contemplates the judicial districts of the Supreme Court, and not the entire territory of the jurisdiction of such court.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 67.*]

2. ALIENS (§ 68*)—RIGHT OF APPEAL—NATURALIZATION PROCEEDINGS.

The right of appeal exists in a naturalization proceeding; the Supreme Court, in entertaining such proceedings, acting quoad hoc as a court of the United States.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 68.*]

On reargument.    Order affirmed.

For former opinion, see 118 N. Y. Supp. 1147.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and MILLER, JJ.

Louis R. Bick (William J. Youngs, U. S. Atty., and Hugh Govern, Jr., on the brief), for the United States.

Frederick H. Jones, for respondent.

JENKS, J.    This appeal is by the United States from an order of the Special Term, held in and for the county of Kings, that admits the alien James Breen to citizenship.    Breen was a resident of that county, which is in the Second judicial district, at the time he filed his petition for admission; but before his petition came on to be heard he had changed his residence to the county of New York, which is in the First judicial district.    When this change of residence was elicited upon the hearing, the appellant objected to the jurisdiction, the objection was overruled, and the alien was admitted.    The correctness of that ruling is the sole question on this appeal.

The direct pertinent provisions of Act Cong. June 29, 1906, c. 3592, 34 Stat. 596 (U. S. Comp. St. Supp. 1909, p. 478), read as follows:

"Sec. 3. That exclusive jurisdiction to naturalize aliens as citizens of the United States is hereby conferred upon the following specified courts: United States Circuit and District Courts now existing, or which may hereafter be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

established by Congress in any state,.United States District Courts for the territories of Arizona,· New Mexico, Oklahoma, Hawaii, and Alaska, the Supreme Court of the District of Columbia, and the United States courts for the Indian Territory; also all courts of record in any state or territory now existing, or which may hereafter be created, having a seal, a clerk, and jurisdiction in actions at law or equity, or law and equity, in which the amount in controversy is unlimited. That the naturalization jurisdiction of all courts herein specified, state, territorial, and federal, shall extend only to aliens resident within the respective judicial districts of such courts. The courts herein specified shall, upon the requisition of the clerks of such courts, be furnished from time to time by the Bureau of Immigration and Naturalization with such blank forms as may be required in the naturalization of aliens, and all certificates of naturalization shall be consecutively numbered and printed on safety paper furnished by said bureau."

I am not prepared to say that Congress contemplated the judicial districts of our Supreme Court, and not the entire territory of the jurisdiction of the respective courts enumerated. But I shall consider these provisions as if such was the legislative intent. The proceedings are like unto a civil action or proceeding. Spratt v. Spratt, 4 Pet. 406, 7 L. Ed. 897; Matter of Clark, 18 Barb. 444.· Although there must be a declaration of intention, such act is not the initiation·of a judicial proceeding or any part thereof. It is a mere expression of a state of mind, and the filing and formal record thereof is ministerial, not judicial. Andres v. Circuit Judge, 77 Mich. 85, 43 N. W. 857, 6 L. R. A. 238; Works on Jurisdiction, 739. The first step in ·the ·judicial proceeding of admission is the petition. And the general principle would give .the court jurisdiction at the time when the petition was duly filed pursuant to the prescribed procedure. In United States v. Arredondo, 6 Pet. 691–709, 8 L. Ed. 547, the court say:

"The power·to hear and determine a cause is jurisdiction; it is 'coram judice,' whenever a case is presented which brings this power into action; if the petitioner states such a case in his petition that on a demurrer·the court would render judgment in his favor, it is an undoubted case of jurisdiction; whether, on an answer denying and putting in issue the allegations of the petition, the petitioner makes out his case, is the exercise of jurisdiction conferred by the filing of a petition containing all the requisites and in the manner prescribed by law."

See, too, Grignon's ·Lessee v. Astor, 2 How. 319, 11 L. Ed. 283; Works on Jurisdiction, p. 30, and authorities cited.

The petition must be of prescribed particulars, and verified, not only by the applicant, but also by the affidavits of witnesses. It must be filed with the clerk of the court, who must docket it, and must immediately give notice thereof ·by posting in a prescribed place, and it is upon such process alone that the "final action" is taken by the court (sections 5 and 6). It may be made or filed during term time or vacation. That it is regarded as the formal initiative act of these judicial proceedings is indicated by the provisions that the affidavits of verification must show the residence of the applicant for a period of at least one year immediately preceding the date of the filing of his petition (subd. 3, § 4), and it must appear to the satisfaction ⲟf the court that "immediately preceding the date of the application the petitioner has resided," etc. (subd. 4, § 4).

Under the general rule, a change of residence of the petitioner subsequent to the acquisition of jurisdiction would not affect the juris-

diction. Upton and Williamson v. New Jersey Southern Railroad Co., 25 N. J. Eq. 372–375, and authorities cited; Conolly v. Taylor, 2 Pet. 556, 7 L. Ed. 518; Dunn v. Clarke, 8 Pet. 1, 8 L. Ed. 845. In Conolly v. Taylor, supra, Marshall, C. J., said:

"Where there is no change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit."

The learned United States attorney asked: Would not the court lose jurisdiction by a certain act of the person, for example, by his moving out of the judicial district during the pendency of his petition, if Congress so declared? Doubtless Congress could regulate the jurisdiction in such proceedings. People v. Welch, 141 N. Y. 266, 36 N. E. 328, 24 L. R. A. 117, 38 Am. St. Rep. 793. But of course the question is whether Congress has done so in the respect under consideration. I fail to find any explicit provision that indicates that the court loses its jurisdiction under such circumstances. And I find no intent in any of the provisions of this law. The general requirement of residence as a qualification for admission to citizenship is continuous residence within the United States of at least five years, and residence within the state or territory of at least one year. As I have pointed out, there is requirement that the petition shall be verified by the affidavits of witnesses, who shall state that they have known the applicant to be a resident of the United States for a period of at least five years continuously, and of the "state, territory or district" of at least one year immediately preceding the date of the filing of his application. Even conceding that the words "or district" refer to a judicial district, and to a judicial district which is but a part of the territory throughout which the court in question has jurisdiction, yet this applicant met that requirement, inasmuch as he had resided in such district at least one year immediately preceding the date of the filing of his application.

But the expression "or district" does not in my opinion refer to a judicial district, but it is to be resolved both on the doctrine of ejusdem generis and by construction to a national division like unto a state or territory; e. g. the District of Columbia, whose Supreme Court is clothed with power in the premises (section 3). An example of the use of the word in like sense is found in section 10, where provision is made in case the petitioner has not resided in the "state, territory or district" for a period of five years continuously and immediately preceding the filing of his petition. Certain forms are prescribed by section 27 of the act, and these indicate the meaning of the word "district" when thus used. The form for the declaration of intention reads:

"I arrived at the (port) of ——, in the state (territory or district) of."

The form for the petition reads:

"My place of residence is number —— street, city of ——, state (territory or district) of * * *. I have resided continuously in the United States of America for a term of five years at least immediately preceding the date of this petition, to wit, since ——, Anno Domini ——, and in the state (territory or district) of —— for one year at least next preceding the date of this petition."

And the affidavit of the witnesses is to the effect that the petitioner is a "resident of the United States * * * and of the state (territory or district) in which the above-entitled application is made for a period of ——— years immediately preceding the date of filing his petition." The use of the term "district," in the sense of the territory wherein a court exercises jurisdiction, is found in subdivision 1 of section 4, wherein it is provided that the petitioner shall declare on oath his intention "before the clerk * * * in the district in which such alien resides," when the word is used alone, without association with state or territory. Although the declaration of intention must be made before the clerk of the court "in the district in which such alien resides," thereby referring to the judicial district in contradistinction to the term "district" when used with the disjunctives in contrast with state and territory, there is no provision that the application for admission must be made in that district. But, on the contrary, the petitioner is required to show the "time when and the place and name of the court where he declared his intention." See, too, Andres v. Circuit Judge, supra.

It is true that there is omission of the word "district," as of the same character as state or territory, in the fourth subdivision of section 4, where the provision is:

"It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he has resided continuously within the United States five years at least, and within the state or territory where such court is at the time," etc.

But I think that is unintentional. We have another example of the same kind of omission in section 10. The expression reads:

"That in case the petitioner has not resided in the state, territory, or district for a period of five years continuously and immediately preceding the filing of his petition he may establish by two witnesses, both in his petition and at the hearing, the time of his residence within the state, provided," etc.

Thus both territory and district are omitted after the word "state"; but plainly Congress meant to make the provision apply to territory and district, as well as state, else it would not have mentioned territory or district in the opening sentence.

It is urged that, with the requirement that the applicant must reside in the district wherein his application is heard at the time it was heard, there might be less opportunity for fraud. That may be so, but the courts cannot legislate under the cloak of construction. And where there are so many safeguards of corroboration, notice, publicity, and of prescribed time that must intervene the application and the hearing, and when the hearing may take the form of a trial whereat witnesses are heard, and the United States comes before the court with the status of a party, I think that the chance of imposition upon the court under such circumstances as appear in this case is slight indeed.

I think that the right of appeal exists in this proceeding. In entertaining such proceedings the Supreme Court acts quoad hoc as a court of the United States. People v. Sweetman, 3 Parker's Cr. R. 358; Matter of Christern, 43 N. Y. Super. Ct. 524. For examples of the

entertainment of appeals, we are cited to United States v. George, 164 Fed. 45, 90 C. C. A. 463; United States v. Rodiek, 162 Fed. 469, 89 C. C. A. 389; United States v. Daly, 32 App. D. C. 525; United States v. Santi Martorana (U. S. Circuit Court of Appeals, Third Circuit, May 25, 1909) 171 Fed. 397.

The order is affirmed.