## TUTUN *v.* UNITED STATES.

## NEUBERGER *v.* UNITED STATES.

ON CERTIFICATE FROM THE CIRCUIT COURTS OF APPEALS FOR THE FIRST AND SECOND CIRCUITS.

Nos. 762, 824.　Argued March 3, 1926.—Decided April 12, 1926.

1. An order of the District Court granting or denying a petition for naturalization is a final decision within the meaning of Jud. Code § 128. P. 575.
2. Whenever the law provides a remedy enforceable in the federal courts according to the regular course of legal procedure, and that remedy is pursued, there arises a " case " within the meaning of the Constitution, Art. III, § 2, whether the subject of the litigation be property or status. P. 576.
3. A petition for naturalization is a " case " within the meaning of Jud. Code § 128, and an order of the District Court denying the petition is reviewable by the Circuit Court of Appeals. Pp. 577, 578.

Response to questions certified by Circuit Courts of Appeals in naturalization proceedings.

*Mr. Louis Marshall,* with whom *Messrs. William H. Lewis, Matthew M. Levy,* and *Eugene Untermyer* were on the brief, for petitioners.

A final decision of a United States district court rendered in a naturalization proceeding is appealable because such a proceeding is a " case " within the meaning of the Judicial Code. Such a proceeding must be regarded as a " case " in the constitutional and statutory sense of the term; otherwise our courts, from the lowest to the highest, in passing upon hundreds of thousands of

such proceedings would have acted extrajudicially. That would be in direct contravention of the rule laid down in *Hayburn's Case,* 2 Dall. 409; *United States* v. *Ferreira,* 13 How. 40; *Gordon* v. *United States,* 117 U. S. 697; *Baltimore & Ohio R. R. Co.* v. *Interstate Commerce Comm.,* 215 U. S. 216; *Muskrat* v. *United States,* 219 U. S. 346; *Smith* v. *Adams,* 130 U. S. 167; *In re Pacific Ry. Comm.,* 32 Fed. 241.

The power to naturalize is judicial and not ministerial or clerical and cannot be delegated. That naturalization is a judicial proceeding is well settled. *Spratt* v. *Spratt,* 4 Pet. 393; *Dolan* v. *United States,* 133 Fed. 440; *Re Symanowsski,* 168 Fed. 978; *McCarthy* v. *Marsh,* 5 N. Y. 263; *Matter of Clark,* 18 Barb. 444.

An order admitting an alien to citizenship has been repeatedly declared to be a judgment of the same dignity as any other judgment of a court having jurisdiction. It is an adjudication on personal status. *Spratt* v. *Spratt,* 4 Pet. 393; *Campbell* v. *Gordon,* 6 Cr. 176; *Stark* v. *Chesapeake Ins. Co.,* 7 Cr. 420; *Chas. Green's Son* v. *Salas,* 31 Fed. 106; *United States* v. *Norsch,* 42 Fed. 417; *United States* v. *Aakervik,* 180 Fed. 137; *Tinn* v. *District Attorney,* 148 Cal. 773; *Scott* v. *Strobach,* 49 Ala. 477; *In re An Alien,* 7 Hill 137; *United States* v. *Gleason,* 78 Fed. 396, af. 90 Fed. 778; *In re Bodek,* 63 Fed. 813.

Whenever the claim or contention of a party takes such a form that the judicial power is capable of acting upon it, then it has become a case or controversy within the meaning of these terms as used in the Constitution. *Smith* v. *Adams,* 130 U. S. 167; *United States* v. *Lenore,* 207 Fed. 865; *Osborn* v. *Bank of United States,* 9 Wheat. 738; *Cohens* v. *Virginia,* 6 Wheat. 264. The judicial power of the United States extends to all cases arising under the Constitution or laws of the United States and the treaties made by their authority. *Chisholm* v. *Georgia,*

2 Dall. 419.   A case arises under the Constitution or laws of the United States whenever its correct decision depends upon the right construction of either. *Nashville* v. *Cooper,* 6 Wall. 247.   A controversy as to rights claimed under an Act of Congress falls within the third clause of Rev. Stats., § 709, as a case wherein a title or right is claimed under a statute of the United States.   *Telluride Power Co.* v. *Rio Grande Ry.,* 175 U. S. 639.   See also *Cooke* v. *Avery,* 147 U. S. 375; *Interstate Commerce Comm.* v. *Brimson,* 154 U. S. 447.

We call attention to a large number of instances in which various of the circuit courts of appeals, as well as this Court, have entertained appellate jurisdiction with respect to judgments in naturalization proceedings where cases have been brought up either by the petitioner or the United States on writ of error or by appeal.   See *United States* v. *Lenore,* 207 Fed. 865.

It was not necessary for Congress to provide in the Naturalization Law for a direct review in order that final decisions of a district court in naturalization proceedings may be appealable.   *United States* v. *Ness,* 245 U. S. 319, is not authority for such a proposition.

Section 15 of the Naturalization Act of 1906 provides for a method, at the suit of the Government, of cancellation of naturalization certificates illegally obtained.   As shown above, numerous appeals have been taken in such proceedings.   There is nothing in this section which expressly authorizes such appeals.   Yet the right of either party to appeal from a final decision in such a proceeding does not seem to be questioned.   It is submitted that there is no difference in substance between such a proceeding and the original proceeding for naturalization, and if an appeal is proper in one case, it must be proper in the other.

The right to become a citizen is a matter of the utmost moment to the petitioner in naturalization proceedings.

Upon the granting or denial of his petition depend his status and the most important civil and political rights. If denied, he continues to be an alien; he cannot exercise the rights of citizenship; he is deprived of the protection incident to citizenship. In most States he cannot vote or participate in the affairs of government, and in many States he is debarred from becoming an incorporator or director of companies or the owner of real property. In many parts of the country he cannot be employed on public works; he is not permitted to practice law however qualified he may be or to engage in various kinds of business as to which by statutory enactment citizenship is made an essential qualification. He is subjected to a multitude of inconveniences and discriminatory regulations. If, therefore, he has shown himself entitled to naturalization, and that right is denied to him, he certainly would be deprived of the most precious right that an inhabitant of the United States can possibly possess; and if such right can be withheld from him by the determination of a single judge, his further deprivation of his right to review such determination would result not only in grave injustice to the individual but in a distinct injury to the public. Moreover, it might occasion, in some sections of the country, a wholesale denial of the right of naturalization. The only safeguard against such a course resides in the right of appeal. *In re Fordiani,* 98 Conn. 435.

That it was not considered necessary to have a specific provision in the Act of 1906 authorizing appeals becomes evident from a consideration of the debate in the Committee of the Whole referred to in the note on page 326 of the opinion in *United States* v. *Ness,* 245 U. S. 319. Subsequent to the decision in that case, this Court, in effect, entertained jurisdiction of an appeal like that taken in the present cases. *Ozawa* v. *United States,* 260 U. S. 178.

If the requirements of the statute are met, then naturalization is a right and not a favor. *United States* v. *Shanahan,* 232 Fed. 169; *United States* v. *Jorgenson,* 241 Fed. 412; *Spratt* v. *Spratt,* 4 Pet. 393.

In a petition or proceeding for naturalization of aliens, the court is vested with a legal, but not a personal discretion to determine whether an alien is qualified for admission to citizenship. *United States* v. *Hrasky,* 240 Ill. 560; *United States* v. *Kichin,* 276 Fed. 818; *In re Fordiani,* 98 Conn. 435; *United States* v. *Vogel,* 262 Fed. 262. See also, *Spratt* v. *Spratt,* 4 Pet. 393; *Re Symanowsski,* 168 Fed. 978; *Re Clark,* 18 Barb. 444; *Davis* v. *Boston Ry.,* 235 Mass. 482.

*Assistant to the Attorney General Donovan,* with whom *Solicitor General Mitchell* and *Mr. Franklin G. Wixon* were on the brief, for the United States.

The preponderance of decisions in state and lower federal courts is adverse to the right of appeal.

Section 128 of the Judicial Code does not extend to the cases at bar. *United States* v. *Dolla,* 177 Fed. 101; *Muskrat* v. *United States,* 219 U. S. 346.

Doubts certainly exist as to the "finality" of such a decision as that here involved. Whether a decision favorable to the alien, admitting him to citizenship, is or is not "final" is not the question in these cases. Presumably such a decision is final. But, with regard to a decision unfavorable to the alien, (which is the question here involved,) different considerations arise. His application may have been denied, or consideration of it may have been postponed, for some temporary reason, not going to the merits. He may be debarred because he has not "behaved as a man of good moral character" during the five years preceding his application. In that event, it would seem that the action of the court in denying his application will not prevent him from applying again after the lapse of another five years. *In re Guliano,* 156 Fed. 420;

*In re Argento,* 159 Fed. 498; *In re Centi,* 217 Fed. 833; *Gassola* v. *Commanding Officer,* 248 Fed 1001; *In re Pollock,* 257 Fed. 350. There is a conflict of opinion as to the power of a court to add to its denial of an application a clause providing that the applicant shall be " forever debarred " from again applying for citizenship. *In re Kornstein,* 268 Fed. 172; *State ex rel. Weisz* v. *District Court,* 61 Mont. 427; *Marx* v. *United States,* 276 Fed. 295.

Naturalization proceedings, it is true, have been entrusted to the courts (both state and federal) since the beginning; and this grant of power to the judiciary is clearly constitutional. *Holmgren* v. *United States,* 217 U. S. 509. The control of naturalization proceedings is therefore within the legitimate scope of the judicial power; and such proceedings may be classed as " cases and controversies " within the meaning of the Constitution. But the word " case," like any other word, may have one meaning when used in the Constitution and quite another when used in a statute. *Lamar* v. *United States,* 240 U. S. 60. A hearing on a petition for naturalization may be a " case " to which the constitutional power of the courts may extend; and it may still not constitute a " case " which is appealable under § 128 of the Judicial Code. In many naturalization cases, it may happen that no appearance is entered against the applicant. *In re Mudarri,* 176 Fed. 465. In nearly all such cases, the decision of the district court is based largely upon a personal scrutiny of the applicant and his witnesses, upon the manner in which they answer the questions put to them, upon their frankness and intelligence, and upon many other such elements, none of which can be crystallized in a bill of exceptions or adequately weighed by any appellate tribunal.

The decisions of this Court, and the legislative history of the Act of 1906, show that no right of appeal exists. *Johannessen* v. *United States,* 225 U. S. 227; *United States* v. *Ness,* 245 U. S. 319; *Luria* v. *United States,* 231

U. S. 9; 40 Cong. Rec. part 8, pp. 7786–7787. Congress not merely failed to provide a remedy by appeal in naturalization cases, but, having specifically considered the very point, deliberately refused to make such a provision.

It is urged by opposing counsel that if there is a right of appeal under § 15, there must also be a right of appeal in the cases at bar. Proceedings for cancellation under § 15, however, are materially different from original petitions for naturalization. *Luria* v. *United States,* 231 U. S. 9; *United States* v. *Ness,* 245 U. S. 319. In *Ozawa* v. *United States,* 260 U. S. 178, the question as to jurisdiction was not raised at any stage of the case. See *Webster* v. *Fall,* 266 U. S. 507.

The courts enumerated in § 13 of the Act of 1906 have "exclusive jurisdiction" to naturalize aliens. The terms of the Act are mandatory. No court save those enumerated may naturalize any aliens. Even judges of those courts may not exercise the power at chambers or in any place save in open court. *United States* v. *Ginsberg,* 243 U. S. 472.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

These cases present, by certificate, the question whether the circuit courts of appeals have jurisdiction to review a decree or order of a federal district court denying the petition of an alien to be admitted to citizenship in the United States.

The existence of the jurisdiction was assumed by this court, without discussion, in *Ozawa* v. *United States,* 260 U. S. 178. It has been exercised by the courts of appeals in most of the circuits.[1] In the Fifth Circuit,

_____

[1] In the following cases appellate courts entertained jurisdiction over petitions for naturalization without expressly considering the existence of a right of appeal. First Circuit: *Harmon* v. *United*

jurisdiction was denied in *United-States* v. *Dolla,* 177 Fed. 101. Although the correctness of that decision was questioned by Judge Amidon in *United States* v. *Lenore,* 207 Fed. 865, 869, and by Judge Hough in *United States* v. *Mulvey,* 232 Fed. 513, 521–2, it has been followed in the Third Circuit and in the Eighth.[2] In the state courts judgments granting or denying petitions for naturaliza-tion have generally been held to be reviewable on appeal, like other cases.[3]

The " jurisdiction to naturalize aliens as citizens of the United States " is conferred by Act of June 29, 1906, c. 3592, § 3, 34 Stat. 596, upon the district courts, among others. Jurisdiction to review the " final decision in the

---

*States,* 223 Fed. 425. Second Circuit: *United States* v. *George,* 164 Fed. 45; *United States* v. *Poslusny,* 179 Fed. 836; *United States* v. *Cohen,* 179 Fed. 834; *United States* v. *Balsara,* 180 Fed. 694; *United States* v. *Fokschauer,* 184 Fed. 990; *Yunghauss* v. *United States,* 218 Fed. 168; *United States* v. *Meyer,* 241 Fed. 305; *United States* v. *Vogel,* 262 Fed. 262. Third Circuit: *United States* v. *Martorana,* 171 Fed. 397. Fourth Circuit: *Bessho* v. *United States,* 178 Fed. 245; *Dow* v. *United States,* 226 Fed. 145. Seventh Circuit: *United States* v. *Doyle,* 179 Fed. 687. Eighth Circuit: *United States* v. *Brelin,* 166 Fed. 104; *United States* v. *Ojala,* 182 Fed. 51; *United States* v. *Peterson,* 182 Fed. 289. Ninth Circuit: *United States* v. *Rodiek,* 162 Fed. 469. District of Columbia: *United States* v. *Daly,* 32 App. D. C. 525. See *In re Centi,* 217 Fed. 833.

[2] *United States* v. *Neugebauer,* 221 Fed. 938; *Appeal of Cook,* 242 Fed. 932; *Marx* v. *United States,* 276 Fed. 295. See *United States* v. *Nopoulos,* 225 Fed. 656, 659; *United States.* v. *Koopmans,* 290 Fed. 545, 547; *United States* v. *Wexler,* 8 Fed. (2d) 880, 881.

[3] *In re Fordiani,* 98 Conn. 435; *United States* v. *Hrasky,* 240 Ill. 560; *United States* v. *Gerstein,* 284 Ill. 174; *Ex parte Smith,* 8 Blackf. 395; *Dean, Petitioner,* 83 Me. 489; *State* v. *District Court,* 107 Minn. 444; *Ex parte Johnson,* 79 Miss. 637; *State* v. *District Court,* 61 Mont. 427; *State* v. *Judges of Inferior Court,* 58 N. J. L. 97; *United States* v. *Breen,* 135 App. Div. 824; *In re Karasick,* 208 App. Div. 844; *In re Vura,* 5 Ohio App. 334; *Ex parte Granstein,* 1 Hill (S. C.) 141. The right of appellate review was denied in *In re Wilkie,* 58 Cal. App. 22; *Stote* v. *Superior Court,* 75 Wash. 239.

district courts . . . in all cases," except as other-
wise provided, was conferred by Act of March 3, 1891,
c. 517, § 6, 26 Stat. 826, 828, upon circuit courts of
appeals. This provision was re-enacted in Judicial Code,
§ 128, and by Act of February 13, 1925, c. 229, 43 Stat.
936, in § 128(a). The order granting or denying a petition
for naturalization is clearly a final decision within the
meaning of that section. *Ex parte Tiffany,* 252 U. S. 32.
This is true, although a certificate granted may be can-
celled under § 15 of the Naturalization Act, *United States*
v. *Ness,* 245 U. S. 319, and a denial of the petition may
not preclude another application for naturalization. *In
re Pollock,* 257 Fed. 350. Compare *Salinger* v. *Loisel,*
265 U. S. 224, 230. The substantial question is whether
a petition for naturalization is a case within the meaning
of the Courts of Appeals Act.

The function of admitting to citizenship has been con-
ferred exclusively upon courts continuously since the
foundation of our Government. See Act of March 26,
1790, c. 3, 1 Stat. 103. The federal district courts, among
others, have performed that function since the Act of
January 29, 1795, c. 20, 1 Stat. 414. The constitutional-
ity of this exercise of jurisdiction has never been ques-
tioned. If the proceeding were not a case or controversy
within the meaning of Art. III, § 2, this delegation of
power upon the courts would have been invalid. *Hay-
burn's Case,* 2 Dall. 409; *United States* v. *Ferreira,* 13
How. 40; *Muskrat* v. *United States,* 219 U. S. 346.
Whether a proceeding which results in a grant is a judicial
one, does not depend upon the nature of the thing
granted, but upon the nature of the proceeding which
Congress has provided for securing the grant. The United
States may create rights in individuals against itself
and provide only an administrative remedy. *United
States* v. *Babcock,* 250 U. S. 328, 331. It may provide
a legal remedy, but make resort to the courts available

only after all administrative remedies have been exhausted. Compare *New Orleans* v. *Paine,* 147 U. S. 261; *United States* v. *Sing Tuck,* 194 U. S. 161; *American Steel Foundries* v. *Robertson,* 262 U. S. 209. It may give to the individual the option of either an administrative or a legal remedy. Compare *Clyde* v. *United States,* 13 Wall. 38; *Chorpenning* v. *United States,* 94 U. S. 397, 399. Or it may provide only a legal remedy. Compare *Turner* v. *United States,* 248 U. S. 354. Whenever the law provides a remedy enforceable in the courts according to the regular course of legal procedure, and that remedy is pursued, there arises a case within the meaning of the Constitution, whether the subject of the litigation be property or status. A petition for naturalization is clearly a proceeding of that character.

The petitioner's claim is one arising under the Constitution and laws of the United States. The claim is presented to the court in such a form that the judicial power is capable of acting upon it. The proceeding is instituted and is conducted throughout according to the regular course of judicial procedure. The United States is always a possible adverse party. By § 11 of the Naturalization Act the full rights of a litigant are expressly reserved to it. See *In re Mudarri,* 176 Fed. 465. Its contentions are submitted to the court for adjudication. See *Smith* v. *Adams,* 130 U. S. 167, 173–174. Section 9 provides that every final hearing must be held in open court; that upon such hearing the applicant and witnesses shall be examined under oath before the court and in its presence; and that every final order must be made under the hand of the court and shall be entered in full upon the record. The judgment entered, like other judgments of a court of record, is accepted as complete evidence of its own validity unless set aside. *Campbell* v. *Gordon,* 6 Cranch 176; *Spratt* v. *Spratt,* 4 Pet. 393, 408. It may not be collaterally attacked. *Pintsch Compressing Co.*

v. *Bergin,* 84 Fed. 140. If a certificate is procured when the prescribed qualifications have no existence in fact, it may be cancelled by suit. " It is in this respect," as stated in *Johannessen* v. *United States,* 225 U. S. 227, 238, " closely analogous to a public grant of land (Rev. Stat., § 2289, etc.,) or of the exclusive right to make, use and vend a new and useful invention (Rev. Stat., § 4883, etc.)."

The opportunity to become a citizen of the United States is said to be merely a privilege and not a right. It is true that the Constitution does not confer upon aliens the right to naturalization. But it authorizes Congress to establish a uniform rule therefor. Art. I, § 8, cl. 4. The opportunity having been conferred by the Naturalization Act, there is a statutory right in the alien to submit his petition and evidence to a court, to have that tribunal pass upon them, and, if the requisite facts are established, to receive the certificate. See *United States* v. *Shanahan,* 232 Fed. 169, 171. There is, of course, no " right to naturalization unless all statutory require- ments are compiled with." *United States* v. *Ginsberg,* 243 U. S. 472, 475; *Luria* v. *United States,* 231 U. S. 9, 22. The applicant for citizenship, like other suitors who institute proceedings in a court of justice to secure the determination of an asserted right, must allege in his petition the fulfilment of all conditions upon the existence of which the alleged right is made dependent; and he must establish these allegations by competent evidence to the satisfaction of the court. *In re Bodek,* 63 Fed. 813, 814, 815; *In re an Alien,* 7 Hill (N. Y.) 137. In passing upon the application the court exercises judicial judg- ment. It does not confer or withhold a favor.

The Government contends that, at all events, a nat- uralization proceeding is not a case within the meaning of the Court of Appeals Act. The same phrase may, of course, have different meanings when used in different

connections. *Lamar* v. *United States,* 240 U. S. 60, 65.
The Constitution does not require that a litigant be
afforded the opportunity of having every judicial decision
reviewed by an appellate court. Compare *Rogers* v.
*Peck,* 199 U. S. 425, 435. But the Court of Appeals Act
conferred upon that court appellate jurisdiction of final
decisions of the district courts " in all cases " except those
for which it provided a direct review by this Court. See
*Lou Ow Bew* v. *United States,* 144 U. S. 47, 57; *The
Paquete Habana,* 175 U. S. 677, 683–686. A denial of a
review in naturalization cases would engraft an exception
upon an otherwise universal rule. Compare *Craig* v.
*Hecht,* 263 U. S. 255, 274–276; *In re Graves,* 270 Fed.
181. There is nothing in that Act, which should limit
the application of the all-embracing language used.

It is argued that the Naturalization Act denies appel-
late jurisdiction, since § 3 declares that "exclusive juris-
diction to naturalize aliens as citizens " is conferred upon
the federal and state courts there specified, and these do
not include the circuit courts of appeals. The term " ex-
clusive " was used in § 3 in order to withdraw the juris-
diction which minor state courts, being courts of record,
had exercised under the authority conferred by earlier
naturalization statutes. See House Doc. No. 46, 59th
Cong., 1st sess., Ser. No. 4984, pp. 18–24. The section
makes no reference to appellate proceedings. It is also
argued that Congress manifested the intention of denying
the usual method of appellate review by providing in § 15
for a bill in equity to cancel certificates of citizenship.
The remedy afforded to the Government by § 15 is nar-
rower in scope than the review commonly afforded by
appellate courts. Moreover, there is no corresponding
provision which would afford to the applicant for citizen-
ship an independent remedy for correcting errors com-
mitted in the district court.

Since the adoption of the Constitution, Congress has
by its legislation sought to promote the naturalization of

qualified resident aliens. The Act of 1906 did not introduce any change in policy. It did change, in some respects, the qualifications. And to carry out the established policy through more effective application of the law, it made changes in administrative and judicial machinery. That end is subserved by the correction of errors of the trial court through appellate review. Neither *United States* v. *Ness,* 245 U. S. 319, 326, nor the history of the legislation there referred to, leads to a denial of appellate review. In that case attention was called to the fact that Congress had not provided in the Act of 1906 for an appeal from judgments of the state courts admitting aliens to citizenship. The question under discussion was whether a judgment of naturalization entered by a state court barred as *res judicata* a proceeding brought in a federal court under § 15 to cancel the certificate of naturalization.

To the questions asked in the two cases, we answer that the Circuit Court of Appeals has jurisdiction to review by appeal the order or decree of the District Court denying the petition to be admitted to citizenship in the United States.

*Questions answered in the affirmative.*