PETITION OF KNUTH : KNUTH, Appellant, vs. UNITED
STATES OF AMERICA, Respondent.

*September 16—October 12, 1948.*

For the appellant there was a brief by *Wilbershide &Baum-blatt* of Racine, and oral argument by *L. P. Baumblatt.*

For the respondent there was a brief by *Timothy T. Cronin,* United States attorney, and *E. J. Koelzer,* assistant United States attorney, and oral argument by *Mr. Koelzer.*

WICKHEM, J. Petitioner was sixty years of age at the time of the hearing and a native and citizen of Germany. He came to the United States in 1911 and 'has resided in Racine county since 1917, being employed as a farmer and industrial laborer during that period. During the first World War he was exempt from military service because of physical disability. His declaration of intention was filed on November 6, 1939, and his petition for naturalization on September 16, 1942. On account of the war the hearing was postponed until November 26, 1947. It was the recommendation of the federal examiner that his petition be denied because petitioner had not established attachment to the principles of the constitution of the United States. It is the rule in naturalization proceedings that aliens have no natural right to become citizens and derive any rights they have by statute; that in order to safeguard against the admission of persons who are unworthy the law "puts the burden upon every applicant to

show by satisfactory evidence that he has the specified qualifications. *Tutun v. United States,* 270 U. S. 568, 578." *United States v. Schwimmer,* 279 U. S. 644, 49 Sup. Ct. 448, 73 L. Ed. 889; *United States v. Ginsberg,* 243 U. S. 472, 37 Sup. Ct. 422, 61 L. Ed. 853. It is stated in the *Schwimmer Case* that where upon "a fair consideration of the evidence adduced upon an application for citizenship, doubt remains in the mind of the court as to any essential matter of fact, the United States is entitled to the benefit of such doubt and the application should be denied."

In this case we are of the view that the trial court could properly be in doubt as to the loyalty of petitioner to American principles. A long time had elapsed after his entry before petitioner saw fit to seek citizenship and at the time when he did so there was beginning to be considerable inquiry into the loyalty of workmen in factories producing war materials. Witnesses for the government testified that they questioned the loyalty of petitioner; that petitioner had intimated that Hitler was probably doing the right thing and that things were wonderful in Germany under Hitler.

The testimony of petitioner's witnesses, some of whom had had very little contact with him, was that they never heard him make any disloyal statements. His own testimony was to the effect that he was completely loyal to this country. There is no evidence that petitioner had ever had any interest in politics or government; that he had ever engaged in any project related to the promotion of the war; expressed any pleasure over the success of the American arms or concern over their reverses. This evidence warranted the doubts of the court and the determination followed the rule of the federal decisions setting standards for admission.

Petitioner argues that the court's memorandum indicates that it put the same burden of proof upon the petitioner that is put upon the state in criminal cases. The statement of the court is as follows:

"It does not necessarily follow that because they [the bureau of naturalization] do not recommend a man becoming a citizen that the court may not grant him that right if the showing he is able to make is such that no doubt exists as to his loyalty. If it was a question of preponderance of evidence that would be one thing, but unless he can remove all reasonable doubt the court should not grant it."

This statement does not indicate that the determination is grounded on an error of law in respect of the standards of proof. The *Schwimmer Case, supra,* prescribes that a petition is to be denied if the court entertains any doubt as to his qualifications and we are not persuaded that substitution of "reasonable doubt" for "doubt" is prejudicially erroneous.

The next question has to do with the appealability of the order. Petitioner claims that by the weight of authority an appeal lies to this court from a decision of the circuit court in naturalization proceedings. The government concedes this but since the appellate jurisdiction of this court is statutory we cannot assume it by concession of the parties and are bound to make an independent examination and determination. This court is vested with jurisdiction in naturalization proceedings by USCA, title 8, sec. 701 (a). It is held in *Tutun v. United States,* 270 U. S. 568, 577, 46 Sup. Ct. 425, 70 L. Ed. 738, that a petition for naturalization constitutes a case within the meaning of the constitution. "Whenever the law provides a remedy enforceable in the courts according to the regular course of legal procedure, and that remedy is pursued, there arises a case within the meaning of the constitution, whether the subject of the litigation be property or status. A petition for naturalization is clearly a proceeding of that character." It is pointed out that if the proceeding is not a case or controversy within the meaning of sec. 2, art. III, U. S. Const., this delegation of power to the courts in respect of naturalization would be invalid. See also *United States v. MacIntosh,* 283 U. S. 605, 51 Sup. Ct. 570, 75 L. Ed. 1302.

In the *Tutun Case* the supreme court also determined that circuit courts of appeal have jurisdiction to review a decree or order of a federal district court denying the petition of an alien to be admitted to citizenship. The majority of state courts where the question has arisen have held that an order granting or denying a petition for naturalization is subject to review by the state appellate court. We attempt no analysis of these cases or of the federal rule because we consider that our appellate jurisdiction is a matter to be determined solely by our own statute.

Sec. 274.09, Wis. Stats., provides:

"(1) Appeals to the supreme court may be taken from the circuit courts unless expressly denied and also from the county courts except where express provision is made for an appeal to the circuit court and from any court of record having civil jurisdiction when no other court of appeal is provided. Appeals may be taken from interlocutory judgments.

"(2) Said right of appeal applies to final orders and judgments rendered upon appeals *from or* reviews *of* the proceedings of tribunals, boards and commissions, *and to final judgments and orders whether rendered in actions or in special proceedings* without regard to whether *the action* or proceeding involves new *or old rights,* remedies or *proceedings and whether or not the right to appeal is given by the statute which creates the right, remedy or proceeding."*

This section was amended and considerably broadened in 1943 by ch. 505, Laws of 1943. The matter inserted by the amendment is indicated by italics. It appears clearly to us that we are bound to treat naturalization proceedings as an exercise of the judicial power and as an action or a special proceeding. In view of the obvious breadth and scope of the amendment of 1943 we entertain no doubt as to our jurisdiction to review upon appeal.

*By the Court.*—Order affirmed.

MARTIN, J., took no part.