**Petition of LEE WEE to be admitted as a citizen of the United States.**

**No. 164879.**

United States District Court
S. D. California, Central Division.
Aug. 15, 1956.

Ray E. Griffin, Los Angeles, Cal., for petitioner.

Lloyd H. Garner, Naturalization Examiner, Immigration and Naturalization Service, U. S. Dept. of Justice, Los Angeles, Cal., for respondent.

HALL, District Judge.

The petitioner, a 67 year old native of China, has resided in the United States for 47 years. The Naturalization Service is contesting his naturalization on the ground that he is not of good moral character in that he has been con-

victed of two or more gambling offenses during the critical five year period.

While the petitioner admits at least four convictions for violation of the Los Angeles City Ordinance prohibiting gambling during that period, he, nevertheless, contends that he is entitled to admission as a citizen because Subdivision 5 of Section 1101(f) of Title 8, U.S.C.A., Sec. 101(f) (5), Immigration and Nationality Act, is unconstitutional in that (1) it does not provide a "uniform Rule of Naturalization," and (2) it is in violation of the due process clause of the Constitution, U.S.C.A. Const. Amend. 5.

The applicable statutes as adopted in 1952 and as they presently stand are as follow:

Section 1427 of Title 8 U.S.C.A., provides that:

"No person * * * shall be naturalized unless such petitioner, (1) immediately preceding the date of filing his petition for naturalization has resided continuously * * within the United States for at least five years * * * and (3) during all the period referred to in this subsection has been and still is a person of good moral character, * * *."

Section 1101(f) of the same Title states that:

"No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was * * * (5) one who has been convicted of two or more gambling offenses committed during such period."

Article I, Section 8, Clause 4 of the Constitution provides:

"The Congress shall have Power * * * To establish an uniform Rule of Naturalization."

Whether or not the particular statutory provision here involved is contrary to such constitutional requirement does not seem to have reached the courts.

The same clause of the Constitution gives Congress the power to establish "uniform laws on the subject of Bankruptcies throughout the United States."

The Ninth Circuit in Kharaiti Ram Samras v. United States, 1942, 125 F.2d 879, 880, certiorari denied 317 U.S. 634, 63 S.Ct. 34, 87 L.Ed. 511 had under consideration the meaning of the word "uniform" in the Constitution in connection with the then provisions in the Naturalization Laws which permitted the naturalization of only "'free white persons'" and persons of "'African nativity or descent.'" Samras, being a native of India and a Hindu, contended that the Constitution required uniformity as to all races. But the court on the authority of Thomas v. Woods, post, held the uniformity requirement of the Constitution was satisfied when a statute was of uniform geographical application throughout the United States.

In Thomas v. Woods, 8 Cir., 1909, 173 F. 585, 590, Opinion vacated, set aside, and appeal dismissed for unassigned reasons 8 Cir., 178 F. 1005, the court had under consideration a bankruptcy statute providing that a widow would be entitled to all of the rights of dower in accordance with the laws of the State of residence of the bankrupt. It was argued that inasmuch as the laws of the several states differ in that respect, the statute was void for lack of the uniformity required by the Constitution. The court rejected this contention, and stated the rule to be that: "The uniformity which [the Constitution] requires relates to the law itself, and not to its results upon the varying rights of debtor and creditor under the laws of the several states."

In Darling v. Berry, C.C.D.Iowa, 1882, 13 F. 659, the court had under consideration the provisions of the National Bankruptcy Act which then, as well as now, adopted the state laws in the matter of exemptions. The court held that such provision comported to the requirement of uniformity in the Constitution, and, among other things, said: at page 667 "In my opinion, when a bankrupt, rev-

**738**

enue, or naturalization law is made by its terms applicable alike to all the states of the Union, without distinction or discrimination, it cannot be successfully questioned on the ground that it is not uniform, in the sense of the constitution, merely because its operation or working may be wholly different in one state from another. The circumstances and conditions existing in the states of this union are infinitely various. \* \* .\* The law must be general and uniform in its provisions, but its working and operation may be very different in different states, owing to their diverse conditions and· circumstances. Congress can prescribe a uniform law, but it cannot create uniform conditions and circumstances in the various states of the union."

 Upon the authority of the above cases, I conclude that subdivision 5 of Section 1101(f), being uniformly of geographical applicability, is not unconstitutional, even though a person who lives in Gardena, California, where gambling is permitted, might be entitled to be naturalized, whereas the same acts committed in Los Angeles might result in lawful arrest and denial of citizenship.

While an alien is a person entitled to protection under the due process clause, United States v. Pink, 1942, 315 U.S. 203, 62 S.Ct. 532, 86 L.Ed. 796, nevertheless, before the due process clause is applicable, there must be some right belonging to the person which relates to life, liberty or property which is threatened or has been taken. A person cannot be "deprived" of that which he does not have or is not entitled to receive as a matter of right. No alien has a right to receive citizenship. Giving it is a matter of grace by Congress, and not a matter of right. Samras v. United States, supra; Tutun v. United States, 1925, 270 U.S. 568, 46 S.Ct. 425, 70 L. Ed. 738; United States v. MacIntosh, 1930, 283 U.S. 605, 51 S.Ct. 570, 75 L.Ed. 1302, overruled on other grounds Girouard v. U. S., 328 U.S. 69, 66 ·S.Ct. 826, 90 L.Ed. 1084.

The statutes give an alien the right to submit his petition and evidence to a court, and to have that tribunal judicially pass upon his application in the exercise of judicial judgment and not in the act of conferring or withholding a favor by the court. But the person is entitled to receive such judgment only if requisite facts prescribed by the Acts of Congress are established. In re Tutun, supra. The statutory procedural process required on an application for citizenship has been fully complied with in this case, and the petitioner has no substantive right to become a citizen of the United States contrary to the Act of Congress.

The petition for naturalization of Lee Wee will be denied on the ground that petitioner has failed to establish good moral character during the period required by law in that he has in fact been convicted of more than two gambling offenses during the requisite five year period.