503 F.2d 954
 Senobio TRUJILLO-HERNANDEZ, Individually and on behalf of
all others similarly situated, Plaintiff-Appellant,
v.
Raymond S. FARRELL, Commissioner of United States
Immigration andNaturalization Service, et al.,
etc., Defendants-Appellees (two cases).
 Nos. 73-1845, 73-3005.
 United States Court of Appeals, Fifth Circuit.
 Nov. 13, 1974.
 
 George J. Korbel, Mario Obledo, Ed Idar, Jr., San Antonio, Tex., Sanford Jay Rosen, San Francisco, Cal., R. P. Sanchez, McAllen, Tex., for plaintiff-appellant.
 Anthony J. P. Farris, U.S. Atty., B. Stephen Rice, Robert Darden, Asst. U.S. Attys., Houston, Tex., Joseph Sureck, Regional Counsel, Southwest Region, I.N.S., San Pedro, Cal., John L. Murphy, Administrative Regulations Service, Crim. Div., Dept. of Justice, Washington, D.C., Mary L. Sinderson, Asst. U.S. Atty., Houston, Tex., Pete Magaro, I.N.S., San Antonio, Tex., James R. Gough, Helen Eversberg, Asst. U.S. Attys., Houston, Tex., for defendants-appellees.
 Before WISDOM and BELL, Circuit Judges, BREWSTER, District Judge.
 PER CURIAM:
 
 
 1
 In this consolidated appeal, Senobio Trujillo-Hernandez, acting both as an affected individual and as a class representative, challenges the English language requirement of the naturalization statute, 8 U.S.C. 1423(1), and its associated regulations. The district court denied his petition for naturalization and dismissed his class action without granting the application for a three-judge court.
 
 
 2
 Although aliens are entitled to due process protection, Congress has broad authority in setting requirements for naturalization. In Terrace v. Thompson, 1923, 263 U.S. 197, 220, 44 S.Ct. 15, 19, 68 L.Ed. 255, the Court stated, 'Congress is not trammeled, and it may grant or withhold the privilege of naturalization upon any grounds or without any reason, as it sees fit.' Similar language occurs in the Court's later cases. 'The opportunity to become a citizen of the United States is said to be merely a privilege, and not a right . . .. The Constitution does not confer upon aliens the right to naturalization . . .. There is, of course, no 'right to naturalization unless all statutory requirements are complied with." Tutun v. United States, 1926, 270 U.S. 568, 578, 46 S.Ct. 425, 427, 70 L.Ed. 738. See also United States v. Macintosh, 1931, 283 U.S. 605, 615, 51 S.Ct. 570, 572, 75 L.Ed. 1302; Takahashi v. Fish and Game Commission, 1948, 334 U.S. 410, 419, 68 S.Ct. 1138, 1142, 92 L.Ed. 1478.
 
 
 3
 This case need not turn on the right-privilege distinction. See Graham v. Richardson, 1971, 403 U.S. 365, 374, 91 S.Ct. 1848, 1853, 29 L.Ed.2d 534. See also, Sugarman v. Dougall, 1973, 413 U.S. 634, 93 S.Ct. 2842, 37 L.Ed.2d 853; Van Alstyne, The Demise of the Right-Privilege Distinction in Constitutional Law, 81 Harv.L.Rev. 1439 (1968). The question for decision is nonjusticiable. The naturalization power is conferred on Congress in Article I, Section 8, along with the war power, the power over foreign commerce, and the power to define and punish offenses against the law of nations, all of which are indicative of the foreign relations responsibilities committed to the Congress. It has never been supposed that there are any judicially manageable standards for reviewing the conduct of our nation's foreign relations by the other two branches of the federal government. Harisiades v. Shaughnessy, 1952, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586; United States v. Pink, 1942, 315 U.S. 203, 62 S.Ct. 552, 86 L.Ed. 796; Oetjen v. Central Leather Co., 1918, 246 U.S. 297, 38 S.Ct. 309, 62 L.Ed. 726. See also Spacil v. Crowe, 5 Cir. 1974, 489 F.2d 614.
 
 
 4
 The district court did not err in dismissing the class action and denying the petition for naturalization. See Harisiades v. Shaughnessy, 1952, 342 U.S. 580-590, 72 S.Ct. 512, 96 L.Ed. 586; Samras v. United States, 9 Cir. 1942, 125 F.2d 879, 881, cert. denied, 317 U.S. 634, 63 S.Ct. 34, 87 L.Ed. 511.
 
 
 5
 Our holding of nonjusticiability applies only to the power of Congress to establish conditions precedent to naturalization. It does not extend to other governmental powers that are constrained by the due process and equal protection clauses. For example, Trujillo-Hernandez is entitled to procedural due process in the processing of his petition for naturalization, as a guard against administrative arbitrariness. Similarly, the state law denying him qualification as a voter is open to attack, since state action is subject to fourteenth amendment restrictions. We hold only that the direct attack on congressional exercise of the naturalization power is foreclosed as nonjusticiable.
 
 
 6
 Affirmed.