**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Plaintiff,**

v.

**Lawrence BRENNAN, Jane Doe, John Roe, Defendants,**

v.

**CENTRAL CONFERENCE OF TEAMSTERS, et al., Intervenors.**

**No. 94 Civ. 0072 (DNE).**

United States District Court, S.D. New York.

Aug. 12, 1994.

Richard M. Seltzer, Cohen, Weiss and Simon, New York City, for Intern. Broth. of Teamsters.

Michael C. Lasky, Davis & Gilbert, and Franklin K. Moss, Spivak, Lipton, Watanabe, Spivak & Moss, New York City, for Lawrence Brennan.

## MEMORANDUM AND ORDER

EDELSTEIN, District Judge:

Plaintiff filed this action on January 6, 1994, seeking, *inter alia,* a declaratory judgment, *see* 28 U.S.C. §§ 2201 and 2202, that certain actions taken by the International Brotherhood of Teamsters ("IBT") and IBT General President Ron Carey ("the General President"), and approved by the IBT General Executive Board ("GEB"), are authorized by the IBT Constitution. Specifically, plaintiff seeks a declaration that the General President's attempt to amend the IBT Constitution by means of a general membership, secret ballot, mail referendum vote is authorized by the IBT Constitution. This claim is brought pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which allows federal courts to enforce contracts between labor organizations. This action followed a resolution adopted by the GEB on January 5, 1994, authorizing the General President to direct a mail referendum regarding proposed amendments to the IBT Constitution ("the proposed amendments"). The proposed amendments, if passed, would provide for an increase of the dues and the per capita tax levied on each member of the IBT.

On February 14, 1994, defendant Lawrence Brennan ("Brennan") brought an order to show cause requesting a temporary restraining order and a preliminary injunction to block the proposed referendum. Brennan's order to show cause was rejected and returned unsigned on February 14, 1994. Brennan filed a second order to show cause on February 17, 1994, seeking a stay of this Court's denial of preliminary injunctive relief

pending appeal. Brennan's application for a stay pending appeal was denied by this Court on February 17, 1994. Brennan then filed a motion in the Second Circuit for an injunction pending appeal, which was denied by the Second Circuit on February 23, 1994.

The IBT proceeded with the referendum, and balloting occurred in February and March 1994. On March 30, 1994, the IBT announced that the proposed amendments had been defeated. On May 6, 1994, as a result of the defeat of the proposed amendments, plaintiff and defendants stipulated to dismiss as moot all claims in the complaint and all counterclaims save for the parties' respective claims pursuant to Section 301 of the LMRA. This stipulation was approved by the Court on May 18, 1994. On May 24, 1994, this Court also approved a stipulation by the parties consenting to intervention by the Central Conference of Teamsters, Eastern Conference of Teamsters, Southern Conference of Teamsters, Western Conference of Teamsters, William T. Hogan, Jr., Walter J. Shea, R. Jerry Cook, and Michael J. Riley.

The sole issue raised by the remaining claims is whether amendment of the IBT constitution by means of a referendum violates the IBT constitution. Plaintiff has moved for summary judgment, pursuant to Federal Rule of Civil Procedure 56, arguing that this procedure is permissible as a matter of law. Defendants and intervenors both argue that the defeat of the proposed amendments in March 1994 rendered this case moot. In the alternative, defendants and intervenors argue that amending the IBT Constitution by referendum violates the IBT Constitution. Plaintiff argues that this action is not moot in view of the likelihood of future referenda undertaken for the purpose of amending the IBT Constitution; plaintiff avers that such referenda will inevitably be challenged legally by certain members of the IBT, just as the March 1994 dues referendum was challenged. For the reasons discussed below, I find that no justiciable question remains in this case, and that plaintiff's remaining claim is moot.

## DISCUSSION

Article III of the U.S. Constitution limits the judicial authority of the federal

courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. Because Article III is a limitation on judicial power, this Court does not have subject matter jurisdiction over an action absent the existence of a justiciable case or controversy. *United States Nat'l Bank of Oregon v. Independent Ins. Agents of Am.,* —— U.S. ——, ——, 113 S.Ct. 2173, 2178, 124 L.Ed.2d 402 (1993); *In re Joint E. & So. Dist. Asbestos Litig. (In re Keene Corp.),* 14 F.3d 726, 730 (2d Cir.1993). If a federal court lacks subject matter jurisdiction over an action, that action must be dismissed. Fed.R.Civ.P. 12(h)(3). The court may only be called upon "to adjudge the legal rights of litigants in actual controversies," *Liverpool, N.Y. & Phila. S.S. Co. v. Commissioners of Emigration,* 113 U.S. 33, 39, 5 S.Ct. 352, 355, 28 L.Ed. 899 (1885); accordingly, a necessary prerequisite to the exercise of judicial power is the presence of a "claim of substantive right" that triggers the adjudicative function of the court, *Keene Corp.,* 14 F.3d at 730–31 (citing *Tutun v. United States,* 270 U.S. 568, 577, 46 S.Ct. 425, 426–27, 70 L.Ed. 738 (1926)).

■ A mere demand for declaratory relief does not by itself establish a case or controversy. *See Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671–72, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950). In *Keene Corp.,* the Second Circuit observed that 28 U.S.C. § 2201, which authorizes the declaratory judgment remedy, "explicitly incorporates the Article III case or controversy limitation.... [It] does [not] provide an independent cause of action." 14 F.3d at 731. "Thus, where 'the remedy sought is a mere declaration of law without implications for practical enforcement upon the parties, the case is properly dismissed.'" *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch. Inc.,* 24 F.3d 427, 431 (2d Cir.1994) (quoting *Browning Debenture Holders' Comm. v. DASA Corp.,* 524 F.2d 811, 817 (2d Cir. 1975)).

It is clear from the record that in the instant case the declaratory relief sought by plaintiff does not carry any implications for practical enforcement upon the parties. Rather, a declaration of the type sought by plaintiff would be in the nature of an advisory opinion, "which, of course, no federal court is empowered to deliver." *Id.* at 432 (citing *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975)).

Plaintiff concedes that the conclusion of the March 1994 referendum mooted all claims peculiar to that particular referendum. Plaintiff argues, however, that the General President specifically reserves his right to direct the use of referenda in the future as a means of amending the IBT Constitution, and that such a procedure will inevitably provoke a legal challenge by defendants. *Plaintiff's Reply to Defendants' and Intervention–Applicants' Memoranda in Opposition to Summary Judgment,* at 5–7. As such, plaintiff argues, the future use of referenda as a means of amending the IBT Constitution is likely to involve the parties to this dispute in a legal dispute virtually identical to the instant controversy. Therefore, plaintiff argues, this case falls within the well-settled exception to the mootness doctrine that has come to be known by the phrase "capable of repetition yet evading review." *See, e.g., First National Bank v. Bellotti,* 435 U.S. 765, 774, 98 S.Ct. 1407, 1414, 55 L.Ed.2d 707 (1978); *Johnson v. Kay,* 860 F.2d 529, 538 (2d Cir.1988).

■ In order for a case to fall within the "capable of repetition yet evading review" exception, the complaining party must make a two-tiered showing. First, the complaining party must show that there is a reasonable expectation that it will be subject to the same action at a later date. *First National Bank,* 435 U.S. at 744, 98 S.Ct. at 1396. Second, the complaining party must demonstrate that the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration. *Id.* The first prong of this test has been satisfied in this matter: It is reasonably likely that the General President and the GEB will seek to amend the IBT Constitution in the future by means of a referendum, and it seems likely that defendants and intervenors will again challenge this action.

■ The second prong of this test, however, has not been satisfied. Plaintiff has failed to show that the issues raised in this action

will persistently "evade review." In order for the instant controversy to be raised repeatedly yet evade judicial review, each future referendum would have to result in a vote defeating the proposed amendments. This is true because once a referendum results in an amendment to the IBT Constitution, the changes in the IBT Constitution resulting from such a referendum would remain for the duration of any litigation. Thus, the rights of the parties would be permanently altered, and the validity of the referendum as a procedural tool would, therefore, be subject to judicial review. Hence, if a referendum results in the passage of proposed amendments to the IBT Constitution, the parties clearly will have the opportunity to have their claim adjudicated by a court of competent jurisdiction.

Plaintiff argues that the "capable of repetition yet evading review" exception to the mootness doctrine does not require the uncertainty of awaiting the outcome of the next referendum to determine whether it presents a justiciable controversy. At the heart of the conflict presented by the parties, however, is the issue of whether the IBT Constitution may be amended by means of a referendum. I find unpersuasive the argument that the possibility of another failed referendum requires this Court to find that the instant action is not moot. As discussed above, another failed referendum will not result in amendments to the IBT Constitution, and therefore does not present even the possibility of changing the rights of any of the parties to this dispute. In any event, "capable of repetition yet *sometimes* evading review" is not at all equivalent to "capable of repetition yet evading review." *Cf. Division 580, Amalgamated Transit Union v. Central New York Regional Transp. Auth.*, 578 F.2d 29, 32 (2d Cir.1978) (finding case moot because "the question herein is not necessarily one evading review").

Plaintiff's reliance on *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974), is misplaced. In *Super Tire*, the Supreme Court found that the resolution of a particular labor contract negotiation did not moot a controversy arising from New Jersey's policy of granting public assistance benefits to striking workers. *Id.* at 122, 94 S.Ct. at 1698. Under the New Jersey policy at issue in *Super Tire*, workers became automatically entitled to public assistance benefits upon the occurrence of a work stoppage. The Supreme Court held that New Jersey's policy "is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties." *Id.* In the instant case, by contrast, until a referendum results in a vote in favor of amending the IBT Constitution, none of the parties' rights will be altered.

Plaintiff also avers that Brennan has filed an internal appeal with the IBT, and that this establishes the existence of an ongoing controversy between plaintiff and defendants. This contention is without merit. While the IBT is not subject to the case or controversy requirement of Article III of the U.S. Constitution, this Court is. The fact that Brennan has filed an appeal with the IBT does not satisfy the requirements of justiciability imposed upon this Court by Article III.

While a declaratory judgment at this juncture would, no doubt, provide the parties with guidance as to the legality of plaintiff's anticipated conduct, such a declaration would run afoul of the constitutional limitations on this Court's jurisdiction and the constitutional prohibition against advisory opinions. While I recognize that the parties to this action may eventually return to this Court with a similar dispute, the instant dispute is beyond this Court's jurisdiction. The parties must await the emergence of a justiciable controversy before this Court will rule on the legality of plaintiff's use of referenda to amend the IBT Constitution. Accordingly, plaintiff's motion for summary judgment is denied, and the complaint and remaining counterclaim are dismissed as moot.

SO ORDERED.