962

J. Albert Woll, U. S. Atty., John P. Lulinski, and Maurice C. Handelman, Asst. U. S. Attys., and Dewey G. Hutchinson, Naturalization Examiner, all of Chicago, Ill., for appellant.

Jack Freeman, of Chicago, Ill. for appellee.

Before EVANS, and SPARKS, Circuit Judges, and LINDLEY, Districe Judge.

LINDLEY, District Judge.

The Government appeals from an order admitting appellee to citizenship, insisting that he has failed to show that he had resided continuously for a period of five years in the United States immediately prior to filing his application.

Appellee lawfully entered the United States for permanent residence on March 30, 1912. Some eight years later, in 1920, the Secretary of Labor issued a warrant for his deportation, reciting that he, the Secretary, had "become satisfied that appellee was a member of or affiliated with, (1) an organization advocating overthrow of the Government by force or violence, (2) an organization teaching such overthrow and (3) an organization entertaining belief in and advocating such overthrow. The warrant ordered appellee deported to Russia but was never carried into execution for the reason that that nation maintained that one leaving it before 1917 could not thereafter be received as a Soviet citizen but, if he re-entered, would be subject to deportation. Consequently, petitioner at all time since 1920 has dwelt within this country, as other people have lived, and fathered two children, one of whom served in the military forces of the United States in World War No. II. He has been a member of his church twelve years and is "president" of the congregation; is an experienced automobile mechanic and has been awarded six citations and certificates of merit by the United States Treasury in appreciation of outstanding patriotic service in bond drives, two certificates of merit from the American Red Cross and one from the Community Chest Fund, all in recognition of his voluntary services in behalf of the aforesaid organizations.

The undisputed fact is that he is not and has not for many years at least, if ever, been engaged in any proscribed activities. Indeed, the Government advised the District Court that it had been able to find nothing reflecting upon the character of appellee and now insists that the only question presented to us is a question of law, namely: whether, after the issue of the warrant and the finding therein that appellee was a member of or affiliated with a proscribed class, he could have legal residence in the United States.

Section 707 of Title 8 U.S.C.A. provides that no person shall be naturalized unless the petitioner has resided continuously within the United States at least five years immediately preceding the filing of the petition for naturalization. This provision, says the Government, requires legal residence and it insists further that the finding, entered some 24 years prior to the filing of the application for citizenship, is conclusive proof that at all times thereafter the residence of appellee was illegal. Therefore, asserts the Government, under this statute, he could not rightfully be admitted to citizenship.

■ This and other sections of the Nationality Code fix the qualifications and requirements for naturalization of aliens. Section 704 provides that they must be able to speak the English language. Section 705 provides that no one shall be admitted to citizenship who teaches, advocates or is a member of or affiliated with any organization which teaches or advocates opposition to all organized Government or the overthrow by force or violence of the Government of the United States or who aids and abets in any such activities. But it provides also that the provisions shall be applicable only to any applicant for naturalization "Who at any time within a period of ten years immediately preceding the filing of petition for naturalization is, or has been, found to be within any of the clauses enumerated in this section notwithstanding that at the time petition is filed he may not be included in such classes." This provision seems to indicate clearly an intent upon the part of the Congress that the District Court, in passing upon the qualification of an applicant for natu-

ralization, should not disqualify him because of his lack of qualifications found to exist more than 10 years before his application was filed but should refuse to naturalize him only if within 10 years of the time of filing his application, he has been a member of or affiliated with a proscribed organization or aided and abetted it in its purposes. The Government's contention here that a finding 24 years old of membership in or affiliation with a proscribed organization disqualified appellee at the time of the hearing on his application for citizenship seems directly in the face of the intent of Congress as expressed in Section 705.

■■ There is no dispute that defendant has lived within the United States or that he has had his domicile here, and the contention of the Government is not that he has not resided here but that his residence has been illegal in that he was affiliated with or a member of a proscribed organization. But, as we interpret Congress' intent, the court is not permitted to go back more than 10 years preceding the filing of the application to determine whether the applicant is a member of or affiliated with a proscribed organization but is permitted to disqualify him only if that disqualifying factor has existed within 10 years prior to the filing of the petition. A finding of the facts as they existed 24 years ago is no finding of what they are 10, 15 or 20 years later. A finding of fact speaks only of facts as they are at its date, not of facts existing years later.

Here there is no question but that the applicant has been, for more than 10 years prior to the filing of his application, one who possessed more than the average praiseworthy qualities of citizenship. Apparently appellee has lived an exemplary life and participated in time of war in those patriotic and civic activities which were intended to strengthen the defense of this country and, with patriotic zeal, in such activities as were for the betterment of mankind and his fellow-citizens.

The District Court, charged with determining the facts, found that he was entitled to citizenship and fully qualified. We can not impeach that finding of fact in view of the evident intent of Congress that any disqualification occurring more

than 10 years prior to the date of the filing of his application and not existing within the 10-year period is insufficient to disqualify him.

The order is affirmed.

