### UNITED STATES v. JAY.

Civ. No. 830.

United States District Court
N. D. Indiana, South Bend Division.

Jan. 13, 1948.

Alexander M. Campbell, Fort Wayne, Ind., Attorney for government.

James E. Keating, South Bend, Ind., assistant.

Jack Freeman, Chicago, Ill., attorney for defendant.

SWYGERT, District Judge.

Pursuant to Section 338 of the Nationality Act of 1940, Title 8 U.S.C.A. § 738, the District Attorney on behalf of the United States of America has filed a petition to cancel the certificate of naturalization of the defendant. The Government contends that because there was an outstanding and unexecuted warrant of deportation against the defendant when he filed his petition for naturalization, he did not meet the requirements of residence prescribed by § 307 of the Nationality Code, Title 8 U.S.C.A. § 707.

A question similar to that presented here was before the Circuit Court of Appeals for this Circuit in the case of United States v. Waskowski, 1947, 158 F.2d 962, 963. In both that case and the case at bar, the warrant of deportation was issued under the provisions of the Act of Oct. 16, 1918, c. 186, Title 8 U.S.C.A. § 137, and respectively charged the petitioner Waskowski and the defendant Jay, with membership in an organization that believes in, advocates, and teaches the overthrow by force or violence of the Government of the United States. The only difference as to the factual situation is a matter of time. In the Waskowski case, the warrant for deportation was issued in 1920 and the petition for naturalization was filed in 1944. In the instant case, the deportation warrant was issued in 1935 and the defendant filed his petition for naturalization in 1940.

The Circuit Court of Appeals, in affirming the order granting citizenship to Waskowski, held that the Naturalization Court "is not permitted to go back more than 10 years preceding the filing of the application to determine whether the applicant is a member of or affiliated with a proscribed organization but is permitted to disqualify him only if that disqualifying factor has existed within 10 years prior to the filing of the petition."

It is true that in the case at bar the deportation warrant was issued within 10 years of the filing of the petition. But the Government is not basing its case on § 305 of the Nationality Code. There is no evidence that either the Circuit Court of St. Joseph County or the defendant had actual knowledge of the issuance of the deportation warrant at the time the defendant was granted his citizenship. On the other hand, it may be assumed that the naturalization court had an opportunity and did pass upon the defendant's qualifications as they might relate to § 305. The petition discloses that the defendant stated to the examiner that he had been arrested in 1932 in South Bend as an "agitator", that he had been in jail about one month and then released, but that he was not a Communist or "agitator."

If the Government were contending that at the time the defendant filed his petition for naturalization in the Circuit Court of St. Joseph County he belonged to a proscribed organization as defined by § 305 and that he had fraudulently obtained his citizenship, a different question would be presented than the one which is before the Court. But no such contention is made. The contention of the Government is the same as that made in the Waskowski case. And the ruling in that case must be applied here. Accordingly, the Court finds for the defendant.