**KLIG v. WATKINS et al.**

United States District Court
S. D. New York.
Oct. 20, 1948.

Pressman, Witt & Cammer, New York City (Carol King, New York City, of counsel), for plaintiff.

John F. X. McGohey, U. S. Attorney, New York City (Harold J. Raby, Asst. U. S. Attorney, and Alvin Lieberman, Atty. Immigration & Naturalization Service, New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by plaintiff for an order enjoining defendant Watkins from continuing with the prosecution of certain deportation proceedings pending against plaintiff until his right to naturalization has been determined.

The following facts appear in the complaint and supporting affidavit: Plaintiff

is a native of Russia and was naturalized in Canada, where he was a member of the Canadian Communist Party from 1929 to 1932. He entered the United States from Canada about June 1, 1947, and resided here until 1941, when he went to Cuba and re-entered the United States as a quota immigrant about April 2, 1941. A few days thereafter he filed his Declaration of Intention and received his first papers. In December 1946, he filed an Application for a Certificate of Arrival and Preliminary Form for a Petition for Naturalization, commonly known as an application for second papers, a receipt for which he received, dated January 7, 1947. However, neither he nor his witnesses have received any notices to appear for questioning, nor has he received a notice to file his petition for naturalization.

On February 26, 1947, plaintiff was served with a warrant of arrest which alleged that plaintiff, "who entered this country at Burlington, Vermont, on the 18th day of December, 1945, has been found in the United States in violation of the immigration laws thereof, and is subject to be taken into custody and deported pursuant to the following provisions of law, and for the following reasons, to wit: The Act of October 16, 1918, as amended, in that he is found to have been, prior to entry a member of the following class set forth in Sec. 1 of said Act: An alien who is affiliated with an organization, association, society or group that believes in the unlawful damage, injury or destruction of property."

On September 10, 1948, plaintiff received notice that a hearing upon this warrant would be held on September 17th, and a temporary stay of the hearing was granted by the court. It is the contention of plaintiff that the deportation proceedings should be suspended pending the determination of his right to naturalization.

 Undoubtedly, an alien has an absolute right, upon complying with the statutory requirements and filing a petition for naturalization, to have his petition heard and his right to naturalization determined. Tutun v. United States, 270 U.S. 568, 578, 46 S.Ct. 425, 70 L.Ed. 738; United States v. Schwimmer, 279 U.S. 644, 649, 49 S. Ct. 448, 73 L.Ed. 889; Schwab v. Coleman, 4 Cir., 145 F.2d 672, 677, 678, 156 A. L. 355. And this is so, even though there may be a warrant of deportation outstanding against him at the time. United States v. Waskowski, 7 Cir., 158 F.2d 962. It must likewise be so, even though proceedings for deportation are pending at the time. But this does not justify an injunction against prosecution of deportation proceedings. Both may be carried on at the same time. The plaintiff's motion for an injunction is therefore denied.