**Petition of WARHOL.**
**No. 17103.**

United States District Court
D. Minnesota, Fourth Division.
May 13, 1949.

Robert A. Carlson, Designated Examiner, Immigration and Naturalization Service, of St. Paul, Minnesota, appeared in support of said motion.

Douglas Hall, of Minneapolis, Minnesota, appeared in behalf of the petitioner in opposition thereto.

NORDBYE, Chief Judge.

The following pertinent factual matters may be recited. The petitioner was served with a warrant in a deportation proceeding on September 11, 1947. After a hearing in March, 1948, findings were made sustaining the charges filed in the deportation proceeding, and on January 7, 1949, the Commissioner of Immigration and Naturalization approved the charges. The findings were based on Warhol's admitted membership from 1935 to 1938 in an organization, to wit, the Communist Party, which advocates the overthrow of this Government by force and violence. Warhol contends that he has not been a member of, or affiliated with, the Communist Party since 1938. An appeal from the order of the Commissioner of Immigration and Naturalization is now pend-

ing before the Board of Immigration Appeals.

Warhol was inducted on April 24, 1944, into the Army of the United States during the last war and served overseas. He was honorably discharged from the Army on January 4, 1946. On June 1, 1948, Congress passed Section 724a, Title 8 U.S.C.A., which permitted alien veterans honorably discharged in either World War to petition for naturalization in any court exercising naturalization jurisdiction, regardless of petitioner's residence, provided that the petition was supported by the affidavit of witnesses who would testify to the qualifications on the date of the petition, but not necessarily for any previous period of time. It is under this section that Warhol filed his petition for naturalization in this Court on March 16, 1949.

On the day the petition for naturalization was filed, he appeared at a preliminary hearing before a designated examiner, and after the petitioner and his witnesses were examined and after he had made a formal compliance with the requirements for citizenship under Section 724a, the examiner read into the record a prepared statement setting forth his views as to the reasons which prompted him to recommend a continuance, and at that time filed prepared findings of fact and conclusions of law and recommendation to this Court in conformance with Section 733, Title 8 U.S.C.A. They are as follows:

"Findings of Fact

"1. The petitioner is an alien and a citizen of Czecho-Slovakia.

"2. The petitioner entered the United States Military Service, while in the United States, on April 24, 1944, and was honorably discharged on January 4, 1946.

"3. That the petitioner is a respondent in an administrative action instituted September 11, 1947, entitled: In re: 'Peter John Warhol, A-2256223'. That such action is brought by the United States and seeks to effect the petitioner's deportation for the alleged violation of the Act of October 16, 1918 (8 USC 137 [8 U.S.C.A. § 137]). That a hearing was held on March 2, 1948, and the charges sustained and a warrant of deportation issued on January 7, 1949, from which an appeal has been filed which is now pending and in process of determination.

"4. That the parties to this action and the deportation action are identical.

"5. That the material issues are identical in the following particulars:

"1. By the Act of October 16, 1918 (8 USC 137 [8 U.S.C.A. § 137]) certain classes of aliens are subject to deportation and Sec. 304 [305] (8 USC 705 [8 U.S.C.A. § 705]) prohibits the naturalization of these identical classes, and in the deportation action the petitioner is alleged to be within such classes.

"2. That the petitioner in this action is required to plead and prove his intention to reside in the United States permanently, and in the deportation action his residence is alleged to be unlawful, and the warrant of deportation, when executed, will terminate his residence.

"6. That the evidence that would tend to prove or refute the allegations in both cases is identical, and such evidence has already been taken and is of record and now being considered in the deportation action. That the final determination in the deportation action may determine the issues in this action and leave nothing at issue in this action.

"7. That the subject matter and relief sought in the two actions is not identical.

"And in accordance with the foregoing Findings of Fact, the Designated Examiner makes the following:

"Conclusions of Law

"1 The petitioner has filed a valid petition for naturalization under the provisions of Sec. 324-A, Nationality Act (Act of June 1st, 1948 [8 U.S.C.A. § 724a]). That the petitioner is entitled to the exemptions provided by such section.

"2. The deportation action pending between the parties to this action is not a judicial proceeding, and this action, the naturalization action, will not be barred or suspended by reason of pendency of the other administrative action.

"3. That the determination of this action, during the pendency of the deportation action, would be prejudicial and detrimental

to the rights of the parties to such action, in that it could quash the warrant of deportation indirectly and terminate such action indirectly and prematurely.

"4. That the final determination of the deportation is evidence that is necessary and essential to a full and final determination of the matters at issue in this action.

"5. That the discretionary powers and authority of the Court should be invoked, and final hearing and determination of this naturalization cause should be deferred until the termination of the deportation action, and the status quo of both parties maintained.

"And in accordance with the foregoing Findings and Conclusions, the Designated Examiner makes the following:

"Recommendation

"It is recommended by the undersigned Designated Examiner that the petition for naturalization of Peter John Warhol be continued until the final determination and conclusion of a certain pending deportation action entitled: 'In re Peter John Warhol A-2256223.'

"It therefore would appear to be a proper procedure to adjourn hearing, furnish counsel with this memorandum including the reasons, allow views and objections to be filed, and then present the entire record to the Court for the Court's consideration."

At the hearing before this Court on the Examiner's recommendation for continuance, the petitioner made a motion to strike the recommendation on several grounds, including the alleged denial of due process. Primarily, the motion is based on the Examiner's alleged failure to accord petitioner a hearing on the recommendation for continuance, and it is urged that the Examiner had prepared findings and conclusions and recommendations before the time of the preliminary hearing and that therefore the action of the Examiner was an ex parte determination of the issues as to continuance adversely to the petitioner. However, it does not seem necessary to pass upon petitioner's motion to strike because the hearing before this Court constituted a hearing de novo on the question of the continuance of Warhol's petition for naturalization. Moreover, what the Examiner decided was that the petition for naturalization should be continued because of the pending deportation proceedings. It is not made to appear that the petitioner had any additional facts to present to the Examiner on this question. In any event, the propriety of granting a continuance of the naturalization petition was presented to this Court after a full and complete hearing accorded to both the petitioner and respondent. Hence, this Court will proceed to consider whether in its discretion a continuance should be granted.

 At the outset, it may be conceded that the mere fact a deportation proceeding is pending against the petitioner does not in and of itself constitute a bar to a consideration by this Court of this naturalization proceeding. But, on the other hand, that the Court is vested with discretion to determine the propriety of a continuance of the naturalization proceedings in view of the imminence of the determination of deportation seems evident. The deportation proceedings were commenced in 1947, about a year and one half before the naturalization proceedings were instituted. If Warhol is to be deported, such final determination may have an important, if not a controlling, bearing on his petition for citizenship. On the other hand, if the Court at this time entertains the petition for naturalization and determines the petition favorably to the petitioner, such finding would indirectly and collaterally quash the deportation proceeding, which the Court is not authorized to do directly except in certain exceptional cases. Of course, if Warhol is made a citizen, he cannot be deported. True, the deportation proceeding is based primarily on the petitioner's being an admitted member of a proscribed organization from 1935 to 1938. While the naturalization court is not permitted to go back more than ten years preceding the filing of the application to determine whether petitioner is a member of, or affiliated with, a proscribed organization, nevertheless it does not follow that the final deportation order, if entered, will be incompetent evidence in this naturalization proceeding. Nor does it follow that, merely because one terminat-

546

ed his membership in the Communist Party in 1938, his membership in the Party and circumstances surrounding the termination of his membership are irrelevant to the question as to whether he is now attached to the Constitution and well-being of the United States. There is a manifest inconsistency in a naturalization court's going forward with a naturalization hearing on the eve of a decision by the Board of Immigration Appeals which will determine whether or not petitioner is to remain in this country. If there are valid and legal grounds for an order of deportation of petitioner, this Court should not assume to do indirectly what it cannot do directly. In Petition of Popper, D.C., 579 F.Supp. 530, 532, the court recognized that "the more orderly procedure dictates the wisdom of first having the order of deportation vacated by the Immigration Service before the application for naturalization is considered. As a general rule that seems preferable." Granted that there may be exceptions to the general rule recognized in the Popper case by reason of special circumstances, such as an inactive deportation matter, or an order of deportation which by reason of certain circumstances cannot be enforced, United States v. Waskowski, 7 Cir., 1947, 158 F.2d 962, see also Klig v. Watkins, D.C.S.D. N.Y., 84 F.Supp. 486, and United States v. Jay, D.C.N.D.Ind., 84 F.Supp. 546, the general rule would seem to be that the status quo of an alien should be retained until a pending and active deportation matter has been determined. The case of Schwab v. Coleman, 4 Cir., 1944, 145 F.2d 672, 146 A.L.R. 355, does not sustain petitioner's position that the Court would abuse its discretion if his petition were continued as the Examiner recommends. The continuance does not add to nor subtract from the provisions of the Nationality Act. The right to continue naturalization proceedings for valid reasons is inherent in the courts, and the courts are specifically clothed with that power by statute. 8 U.S.C.A. § 733. That a petition in naturalization should not be calendared for final hearing until the matter of the alien's deportability has been finally determined is the policy which the Attorney General of the United States advises the Naturalization Service to adopt. Such pol-

icy appeals to this Court as an orderly and logical way to handle the situation. The deportation proceedings were first commenced. They have proceeded with due dispatch. The naturalization proceedings were not instituted until after the order of deportation had been entered. Under all the circumstances, the Court is clear that the Examiner's recommendation for continuance should be sustained, and that in the exercise of the Court's discretion an order for continuance as recommended by the Examiner should be entered. An appropriate order in conformance with the statutory requirements for a continuance will be filed. An exception is allowed.