## In re WHITLOCK.

(*Supreme Court, Special Term, New York County.* October 18, 1888.)

ATTORNEY AND CLIENT—PRIVILEGED COMMUNICATIONS—WRITINGS OF THIRD PERSONS.
Code Civil Proc. N. Y. § 835, which declares that an attorney or counselor shall not be allowed to disclose communications received from a client in the course of professional employment, does not apply to writings executed by third persons, and an attorney may be compelled to produce such papers, when examined as a witness, though he received them from his client.

At chambers. On motion for an order to produce papers.

Bache McE. Whitlock, an attorney and counselor at law, was examined upon commission issued by the high court of justice of England, queen's bench division, as a witness in an action brought in said court by Charles G. Francklyn against John Walter and George E. Wright. In the course of his examination he was asked to produce certain letters and writings proceeding from said Francklyn, which he refused to produce, because they had been received by him, in the course of his professional employment, from one Sir Bache Cunard, for whom he was conducting an action against said Francklyn. Whereupon this order was prayed for. Code Civil Proc. N. Y. § 835, declares that "an attorney or counselor at law shall not be allowed to disclose a communication made by a client to him in the course of his professional employment."

*Bangs, Stetson, Tracy & McVeagh,* for the motion. *Whitlock & Simonds,* for the witness.

O'BRIEN, J. *Mitchell's Case*, 12 Abb. Pr. 249, is decisive on this motion. Writings signed and executed by other persons cannot in any way be considered as communications by the client to his attorney, although the client may have delivered the writings to the attorney. The client, under a *subpœna duces tecum*, if the papers were in his possession, could be compelled to produce them; and the fact that he is merely a witness, and not a party, does not change the rule. "If they [*i. e.*, witnesses] must produce books and papers, so must he [*i. e.*, the party.]" *Mitchell's Case*, Id. "In courts of equity the principle of protection never was extended to all papers belonging to a client which he may have put into the hand of his solicitor." Id. The Code only prevents the disclosure of communications "made by his client to him, or his advice thereon." Letters or communications, written or sent by client to attorney, or by the attorney to client, are privileged, but not writings, documents, etc., of third persons, even though sent by a client to his attorney. Motion requiring the witness to produce and exhibit the papers and writings before the commissioners is granted.