Frank X. LeLong, Appellant, Respondent, *v.* Henry A. Siebrecht, as Executor, etc., of Emma S. Siebrecht, Deceased, Respondent, Appellant.

Second Department, March 4, 1921.

Vendor and purchaser — letter signed by attorney for owner inclosing contract of sale constitutes sufficient note or memorandum under Statute of Frauds — specific performance denied where property sold to third person in absence of such person as party defendant — relief in damages for breach of contract — privileged communication — letter from attorney to client — authority of husband writing letter for wife as her agent — admission by executor prior to appointment not competent thereafter — competency of such admission to impeach testimony of executor.

A letter signed by the attorney for the owner of land inclosing a proposed written contract for the sale thereof may be a sufficient note or memorandum in writing within the meaning of the Statute of Frauds.

The court is justified in denying specific performance of a contract of sale of land where another contract for the sale of the same property has been made to a third person, in the absence of such third person as a defendant, and may give relief in damages for a breach of the contract.

A communication by letter between an attorney and his client or the latter's agent is privileged as much as an oral communication between the attorney and the client.

Neither the relationship of husband and wife, nor the fact that he acted as her agent in making the sale of property, is sufficient to establish that a letter written by him to her attorney was privileged; it must be shown that she authorized the letter and that it was practically her letter to the attorney.

An admission made by a party such as an executor or trustee, before his appointment, is not competent against him thereafter. Hence, a letter written by a husband to his wife's attorney prior to her death concerning a sale is not directly relevant to the issues as an admission in a suit for specific performance in which he, as executor, is substituted as defendant.

Where a wife dies pending an action against her for the specific performance of a contract of sale alleged to have been made by her husband as agent, whereupon he is appointed executor and substituted as defendant, a letter written by him to his wife's attorney prior to her death is not privileged and is competent to impeach his testimony in the action on the question whether he had authority to make the sale.

Cross-appeals by the parties from a judgment of the Supreme Court in favor of the plaintiff, entered in the office

of the clerk of the county of Westchester on the 24th day of September, 1920, on the decision of the court rendered after a trial at the Westchester Special Term.

The action is, vendee against vendor, for the specific performance of a contract for the sale of real property, with an alternative claim for damages if the defendant is found unable to perform. The learned justice at Special Term found the facts for the plaintiff, but held that the defendant, having made a contract for the sale of the property to a third person, could not be required to specifically perform, and, therefore, judgment was rendered for the plaintiff for $2,000 damages for breach of the contract. The plaintiff appeals, claiming that he should have had specific performance. The defendant appeals, claiming that there was no proof which justified a finding of a cause of action in favor of the plaintiff.

*Arthur I. Strang,* for the plaintiff.

*John J. Crennan* [*John F. Lambden* with him on the brief], for the defendant.

*Charles P. Rogers,* for William A. Dunneback, as *amicus curiae.*

BLACKMAR, J.:

This judgment might have been affirmed upon the opinion of the learned justice at Special Term except for a point of evidence that has been raised upon the appeal.

The contract for the purchase of the property was made between the plaintiff or his agent and Henry A. Siebrecht, the husband of Emma S. Siebrecht, the owner of the real property. The primary question in the case was the question of the agency of the husband to act for his wife. Upon this point I think the decision of the learned justice rests upon evidence sufficient to sustain it. The contract, although an oral one, was not void, because the letter subscribed by the attorney for defendant which inclosed the proposed written contract satisfied the Statute of Frauds as a note or memorandum in writing. (Real Prop. Law, § 259.) As the owner had made a contract in writing to sell the property to a third person, the court was justified in denying specific performance

in the absence of such third person as a defendant, and, therefore, also in giving relief in damages for a breach of the contract. (*Saperstein* v. *Mechanics & Farmers Sav. Bank*, 228 N. Y. 257.)

During the pendency of the action the vendor, Mrs. Siebrecht, died. Her husband, Henry A. Siebrecht, as executor of her last will and testament, was substituted as defendant. He was the agent through whom the original contract for the sale of the land was made. Prior to the death of his wife, and after the beginning of this action, he had written a letter to the attorney of record for the defendant, which letter was offered in evidence by the plaintiff after Siebrecht had testified as a witness, and admitted over the general objection made by defendant's counsel to its relevancy, competency and materiality. It is now claimed that this letter was a privileged communication. It is undoubtedly the law that a communication by a party to his attorney to aid him in conducting the litigation is privileged. The rule is not an arbitrary one but is essential to the proper administration of justice, and section 835 of the Code of Civil Procedure, which codifies it, is a re-enactment of the common-law rule upon the subject. (*Matter of King* v. *Ashley*, 179 N. Y. 281.) A communication by letter is privileged as much as an oral communication directly between the attorney and the client. The privilege also extends to a communication made by an agent, and to a letter written to the attorney by one who was the agent of the client for that purpose. (*State* v. *Loponio*, 85 N. J. L. 357; *Anderson* v. *Bank of British Columbia*, L. R. 2 Ch. Div. 644.)

At the time this letter was written Siebrecht was not a defendant in the action; for it was written during the lifetime of his wife. But to bring the letter within the rule of privileged communications, it must be shown that he was the agent of his wife for the purpose of writing the letter. The mere fact that he was her husband is not sufficient, nor is the fact that he acted as her agent in making the sale of the property. It must be shown that this letter was authorized by the then defendant in the action and was practically her communication to the attorney. This fact, which it lay within the province of the court to decide, is not established

by the evidence. The letter was that of a third person and was not privileged. (*Matter of Whitlock,* 2 N. Y. Supp. 683; *Matter of Mellen,* 18 id. 515.)

It is well established that an admission made by a party, like an executor or a trustee, before he has been clothed with the office, is not competent against him after his appointment. (1 Greenl. Ev. [15th ed.] § 179; *Niskern* v. *Haydock,* 23 App. Div. 175; *Church* v. *Howard,* 79 N. Y. 415.) It follows that the letter was not evidence relevant directly to the issues as an admission by defendant.

But the present defendant had been examined and cross-examined before this letter was introduced in evidence. He had testified, in answer to questions by his counsel, that he was not authorized to make the sale at the price alleged to have been agreed upon. This letter, however, contained the sentence, " I told him [*i. e.,* Wood, plaintiff's agent] that Mrs. Siebrecht would agree to sell him the property for the price he had offered." It also contained the sentence: " I told that party [*i. e.,* the party with whom the contract of sale was subsequently made] that I had agreed some days ago to sell it to a man, and that I would give him (that man) another day, but that if I did not hear from him by the next day at noon (Saturday) that I would sell it to his client." The letter was, therefore, evidence by way of impeaching the testimony of Siebrecht. As the letter was not privileged and was relevant as impeaching evidence, it was not error to receive it.

The judgment should be affirmed, without costs.

Jenks, P. J., Rich and Jaycox, JJ., concur; Putnam, J., concurs in the result.

Judgment affirmed, without costs.