## First Department, April, 1953.

### (April 1, 1953.)

■

In the Matter of Joseph P. Ryan, Individually and as President of the International Longshoremen's Association, as President of the Atlantic Coast District of the International Longshoremen's Association, and as a Member of the Joseph P. Ryan Association, Appellant. Frank S. Hogan, as District Attorney of New York County, Respondent.

*Per Curiam.* The union records, whether in the possession of the union officials or of Weinstein, the accountant, are subject to subpœna. However, the possession by the accountant Weinstein of Ryan's personal records, including the accountant's work sheets based thereon, is deemed to be, in law, possession by Ryan himself. This relates to Ryan's right to invoke the constitutional protection against self incrimination, not to privilege between attorney and client (8 Wigmore on Evidence [3d ed.], § 2307). Section 353 of the Civil Practice Act may also apply to some or all of these personal records and work sheets while in the hands of the accountant (see *LeLong* v. *Siebrecht,* 196 App. Div. 74; *Hollien* v. *Kaye,* 194 Misc. 821; 8 Wigmore on Evidence [3d ed.], § 2300a). In our opinion, reading section 631 of the Civil Practice Act as a whole, under the circumstances of this case, the final order before us of a court of record affecting appellant's substantial rights, is appealable. The order appealed from should be modified accordingly, so as to grant the application with respect to the subpœna directed to and served upon Weinstein, the certified public accountant, to the extent that it calls for the production of any of Ryan's personal papers and the accountant's work sheets thereon. Settle order.

Breitel, J. (dissenting). In my opinion the order is not appealable. (*People* v. *Gersewitz,* 294 N. Y. 163; *Matter of Turecamo Contr. Co.,* 260 App. Div. 253, and the authorities cited therein.)

Assuming that the order were appealable it should be affirmed in all respects. The privilege against self incrimination does not extend to papers or things in the possession of any third person, absent any confidential privilege. Ryan's right to invoke constitutional protection will arise when he is subject to testimonial compulsion and not before. (*Perlman* v. *United States,* 247 U. S. 7, 15; *People* v. *Defore,* 242 N. Y. 13, 27.) We do not have a situation before us where the third person's custody is something less than physical possession, so that the third person is not able to comply with the command of the subpœna. Such a question could be tested by efforts to compel compliance with the subpœna by the third person. Any property concepts of constructive possession are irrelevant in this context.

The appeal should be dismissed.

Dore, J. P., Cohn, Callahan and Van Voorhis, JJ., concur in *Per Curiam* opinion; Breitel, J., dissents in opinion.

Order modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice. [See *post,* p. 954.]