Jan DANISCH, Antoni Danisch, Julia Danisch, Anna Schwientek, Gertrud Wojtcyzk, Emma Schweda, Sofia Janta, Jadwiga Salawa, Maria Stancyzk, Luiza Lesch and Gertrude Urganek, Plaintiffs,

v.

The GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Defendant.

United States District Court
S. D. New York.

June 15, 1955.

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiffs, Paul L. Ross, New York City, of counsel.

Watters & Donovan, New York City, for defendant.

DIMOCK, District Judge.

This is a motion by defendant insurance company, pursuant to rules 34 and 37(a), F.R.C.P., 28 U.S.C., for an order directing plaintiffs, through their attorneys Wolf, Popper, Ross, Wolf & Jones, and Paul L. Ross, deponent, to produce certain documents. The motion is resisted upon the grounds that no good cause for production has been shown, that defendant has not established that the documents sought are relevant to the subject matter of the action and that the documents sought are privileged communications between plaintiffs and their attorneys.

The action is one for insurance benefits alleged to be due plaintiffs as a result of the death of one Rev. Theodore A. Kupka, the holder of policies issued by defendant. The complaint alleges that plaintiffs are all citizens of the Polish People's Republic, that they are designated beneficiaries of the deceased within the terms of the policies and supplementary contracts and that they are entitled to the payment of monies specified to be payable to designated beneficiaries.

The answer pleads, inter alia, that because the purported authority of Wolf, Popper, Ross, Wolf & Jones, a law firm of which Paul L. Ross is a member, is evidenced by authorizations written or orally expressed by plaintiffs while they were physically residing in Poland and "under the jurisdiction, control and absolute domination of an Iron Curtain country * * *", the Polish People's Republic, that authority is inoperative and plaintiffs have, in fact, commenced no action against defendant.

The documents which defendant seeks are (1) certain communications concerning the subject matter of this action written by plaintiffs or some of them in the Polish language and addressed to the Polish Consul in Chicago, Illinois, and (2) certain correspondence between Mr. Ross or his law firm and the Chief of the Consular Division of the Embassy of the Polish People's Republic in the United States concerning the same subject matter. Mr. Ross testified when his deposition was taken in this suit that all of the documents requested are in the files of his law firm, but he refused to produce the documents, claiming professional privilege.

Of course if Mr. Ross is not authorized to act as counsel for plaintiffs in this action he can assert no privilege in their behalf. On the taking of his deposition Mr. Ross produced the orig-

inals of two powers of attorney dated May 12, 1953 and May 30, 1953, respectively, naming the Polish Consul in Chicago, Illinois, or his substitute, attorney for plaintiffs to collect the insurance proceeds that are the subject of this action. Both of these powers bear signatures purporting to be those of plaintiffs and, as Mr. Ross says and defendant does not deny, are "authenticated" by the American Vice-Consul in Warsaw. He also produced a document dated April 6, 1955 and executed and acknowledged on that day by the Chief of the Consular Division of the Embassy of the Polish People's Republic, Washington, D. C., which purports to be a ratification by that official, as successor to the Polish Consul in Chicago, of the authority of Wolf, Popper, Ross, Wolf & Jones to institute and prosecute the present action. The summons in this action is dated September 3, 1954.

Defendant's only attack upon the documents is an argument that it would be against public policy for this court to allow the attorneys' authority to be based upon the powers because they cannot be recognized as "free, voluntary and valid authorizations." Possibly on the trial defendant will show that the powers of attorney were not voluntarily executed. At this time, however, I have nothing but defendant's suspicion and surmise in support of such a conclusion. The Polish People's Republic is a nation which is recognized by and has diplomatic relations with the United States. I cannot question the validity of these documents on the present state of the record.

Defendant concedes that the powers of attorney naming the Polish Consul in Chicago were broad enough to empower him to retain counsel to prosecute this action and does not contend that the official who executed the document dated April 6, 1955 was not the successor of the Consul in Chicago. I have no reason to doubt that he was such successor. Thus for the purposes of this motion

and on the record as it is now before me I must treat Mr. Ross and his firm as the authorized attorneys of plaintiffs in the prosecution of this action.

■■ None of the documents in respect of which plaintiffs claim a privilege of nondisclosure are direct communications between plaintiffs and their attorneys. All of them concern the subject matter of this action. The privilege of nondisclosure of communications between attorney and client is one which finds its genesis in the idea that the public interest will be best served if clients may be free to make full disclosure to their attorneys without fear that their interests may be prejudiced thereby. Since it works in derogation of the desirable end that all material facts should be available to all of the litigants the application of the privilege should be strictly limited in the light of its reason for being. See 8 Wigmore on Evidence §§ 2290 et seq. On the other hand the privilege must not be so strictly limited as to make it no privilege at all and, as Wigmore points out, op. cit. at p. 616, "the client's freedom of communication requires a liberty of employing other means than his own personal action."

■ Where the agent communicates with the attorney on behalf of his principal and concerning the matter of professional employment the communication is privileged. See Le Long v. Siebrecht, 196 App.Div. 74, 76, 187 N.Y.S. 150. The attorney is a party to the communication and the agent stands in the shoes of the client perforce of the rule of qui facit per alium facit per se. I am clear that the communications between the Chief of the Consular Division of the Embassy of the Polish People's Republic and the lawyers concerning the subject matter of this action are privileged. This official, according to the document of April 6, 1955, is the successor to the Polish Consul in Chicago and the latter official was plaintiff's agent to obtain the relief sought in this action.

The communications between the principals in Poland and the Polish representatives here raise a different problem, however. No attorney is a direct party to the communication but a communication prepared for the express purpose of submission to an attorney is privileged even though the parties to it are the principal and a lay agent or are two lay agents of the principal. The rule was stated by Judge Rodney of the Superior Court of Delaware in Wise v. Western Union Telegraph Co., 6 W.W. Harr. 456, 178 A. 640, 644, when he said that, to render such communications privileged, "such a state of facts must be disclosed as would clearly indicate that the documents were prepared with a bona fide intention of being laid before the legal adviser." Applying this principle to the remaining group of documents the production of which is in dispute: Whether these are privileged documents depends upon whether plaintiffs addressed them to the Consul intending him to be merely an agent of conveyance to the attorneys. If this is the case the documents are privileged. If, however, the documents were addressed to the Consul because they were intended to convey information to him as a basis for his action the mere fact that he turned them over to the attorneys does not make them privileged. The documents are not now before me so I am not able to pass on the question of privilege as it applies to them. It is axiomatic that the claimant of a privilege such as this has the burden of establishing his right to it and except for the question of privilege I am clear that defendant is entitled to have these documents produced.

Defendant has also requested production of the documents marked for identification on the deposition of Mr. Ross and plaintiffs do not resist this request.

The motion is granted insofar as it requests production of all of the documents marked for identification on the deposition of Paul L. Ross, denied insofar as it requests production of communications between the Chief of the Consular Division of the Embassy of the Polish People's Republic, United States of America and the firm of Wolf, Popper, Ross, Wolf & Jones concerning the subject matter of this action and will be granted insofar as it requests production of communications written in the Polish language by plaintiffs or some of them to the Consul of the Polish People's Republic in Chicago, Illinois unless, within five days of the date of publication of a notice of this opinion in the New York Law Journal plaintiffs, through their attorneys, submit copies and translations of them to me. If such copies are submitted within the time limited the motion, insofar as it requests production of these documents, will be considered further.