Jan **DANISCH**, Antoni **Danisch**, Julia **Danisch**, Anna Schwientek, Gertrud Wojtcyzk, Emma Schweda, Sofia Janta, Jadwica Salawa, Maria Stancyzk, Luiza Lesch and Gertrude Urganek, Plaintiffs,

v.

The **GUARDIAN LIFE INSURANCE COMPANY OF AMERICA**, Defendant.

United States District Court
S. D. New York.
July 23, 1956.

236

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiffs. Paul L. Ross, New York City, of counsel.

Watters & Donovan, New York City, for defendant.

DIMOCK, District Judge.

Plaintiffs, by their attorneys, Wolf, Popper, Ross, Wolf & Jones, move, pursuant to Rule 28(b), F.R.Civ.P., 28 U.S. C.A., for an order that letters rogatory

issue to the appropriate judicial authorities of the Government of Poland, under which there may be taken, in Poland, the depositions of plaintiffs and agents of the National Bank of Poland.

The question of the authority of these attorneys to bring this action is raised by the opposition to the motion. I shall, however, assume that authority for the purposes of this motion, as I did for the purposes of another application in the case, D.C., 18 F.R.D. 77.

The action purports to be brought on behalf of citizens and residents of Poland to recover proceeds of insurance policies and supplementary contracts issued by this defendant on the life of one Rev. Theodore A. Kupka, who died in the United States. The parties are agreed that these plaintiffs are the named beneficiaries under these policies and contracts. Defendant admits that it has proceeds which are due to these named beneficiaries but has resisted recovery in this action on two grounds: (1) the attorneys appearing for these plaintiffs have no valid authority to commence this action; and (2) if plaintiffs are awarded judgment in this action, there is no assurance that plaintiffs will be permitted to receive the benefits of this judgment in Poland. In conjunction with this second defense, defendant requests that it be authorized to deposit in court the sum due plaintiffs to be held until the plaintiffs are free to receive the benefit therefrom. Defendant points to the fact that this practice is provided for in New York by sections 474 and 978 of the New York Civil Practice Act.

Letters rogatory are asked for the examination of plaintiffs in Poland so that, at the trial, testimony may be offered in support of the authority of these attorneys to appear for them. Defendant objects on the ground that any such testimony would be without value since plaintiffs are residents of a police state which would not permit plaintiffs to testify freely and truthfully. Defend-

ant points to various statutes in force in Poland which, it alleges, make it a crime for any citizen of Poland to hinder the collection of any claim held by him in a foreign country.

■■ Defendant does not controvert plaintiffs' allegations that letters rogatory constitute the only procedure available to obtain plaintiffs' testimony. Thus the requirement of Rule 28(b) that letters rogatory may only issue "when necessary or convenient" is fulfilled. It may well be true that the testimony thereby obtained will be of little or no value because it was taken in a police state. This is something for the trier of the facts to consider; it does not make the testimony inadmissible. See Bator v. Hungarian Commercial Bank, 1st Dept., 275 App.Div. 826, 90 N.Y.S.2d 35.

Defendant also objects to the issuance of letters rogatory to examine agents of the National Bank of Poland. The purpose of the requested examination is stated by plaintiffs' attorneys as follows:

"In this connection, the plaintiffs desire to question the National Bank of Poland in Warsaw as to the manner in which the moneys transmitted from the United States would be paid over to and receipted for by the Polish beneficiaries thereof. Also, to ascertain what taxes or other charges, if any, are deducted under the applicable provisions of Polish law. Finally, the degree to which Polish citizens have the free right of disposition of the moneys turned over to them and the full use and benefit of said moneys."

■ Almost all of what is asked is foreign law and there is no statement that the representatives of the National Bank of Poland who will testify are lawyers. Nevertheless, even if they are not members of the profession, they can perhaps qualify themselves. 2 Wigmore,

Evidence, § 564, p. 658 (3d Ed.1940); Murphy v. Bankers Commercial Corp., D.C.S.D.N.Y., 111 F.Supp. 608. The representatives' qualifications can be passed upon by the trial court which will have the benefit of the witnesses' answers to the interrogatories as to their qualifications and any cross-interrogatories on the subject.

Insofar as anything else is wanted from the National Bank it is information "as to the manner in which the moneys transmitted from the United States would be paid over to and receipted for by the Polish beneficiaries thereof". Implicit in the request is the assumption, no doubt valid, that the National Bank of Poland would be in complete control of the payment of the funds to the beneficiaries and their receipt for them. On that subject the testimony would either be as to the provisions of law governing the payment and receipt or would be in the nature of an agreement by the National Bank as to what it would do. To obtain such an agreement expressed in a deposition would be a waste of time. Courts have no machinery by which to enforce such an agreement with a witness. The interrogatories must, therefore, be limited to the law applicable to the proposed transactions.

Defendant says that plaintiffs' attorneys have been guilty of such laches in moving for letters rogatory that the application should be denied. No suggestion of prejudice by the delay is made except that, because of the importance of the question raised to this and other insurance companies, the action should be tried and disposed of at the earliest possible date. Issue was joined on November 12, 1954, and no note of issue has been filed by either party. Under the circumstances I hold that the motion is not barred by laches.

Motion granted. Interrogatories to representatives of National Bank of Poland limited to questions of law.