## MAISENBERG *v.* UNITED STATES.

No. 76.  Argued January 28, 1958.—Decided May 26, 1958.

*Ernest Goodman* argued the cause for petitioner.  With him on the brief was *George W. Crockett, Jr.*

*J. F. Bishop* argued the cause for the United States. On the brief were *Solicitor General Rankin, Acting Assistant Attorney General McLean, Beatrice Rosenberg* and *Carl H. Imlay.*

Mr. Justice Harlan delivered the opinion of the Court.

This is a companion case to No. 72, *Nowak v. United States,* decided today, *ante,* p. 660. Maisenberg was brought to this country from Russia in 1912, at the age of 11. She was admitted to citizenship in the United States District Court for the Eastern District of Michigan in January 1938. In March 1953, in the same court, the United States brought this suit under § 340 (a) of the Immigration and Nationality Act of 1952[1] to set aside the naturalization decree, alleging in its complaint that Maisenberg's citizenship was obtained "by concealment of a material fact [and] willful misrepresentation." After a trial the District Court, in an unreported opinion, granted the relief requested by the Government. The Court of Appeals affirmed, 238 F. 2d 282, and we granted certiorari. 353 U. S. 922.

Although the findings of the District Court do not clearly disclose the grounds for decision, Maisenberg seems to have been denaturalized because she was found to have made misrepresentations in (1) answering falsely "No" to the second part of Question 28 in her Preliminary Form for Petition for Naturalization, filed in June 1937;[2] and (2) stating that for a period of five years preceding her naturalization she had been "at-

---

[1] 66 Stat. 260, 8 U. S. C. § 1451 (a):

"It shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings . . . for the purpose of revoking and setting aside the order admitting such person to citizenship and canceling the certificate of naturalization on the ground that such order and certificate of naturalization were procured by concealment of a material fact or by willful misrepresentation . . . ."

[2] As in the form completed by Nowak, Question 28 read:

"28. Are you a believer in anarchy? . . . Do you belong to or are you associated with any organization which teaches or advocates anarchy or the overthrow of existing government in this country? . . . ."

tached to the principles of the Constitution of the United States . . . ." The District Court also sustained the sufficiency of the Government's affidavit of "good cause," which was not signed by an individual having personal knowledge of the facts on which the proceedings were based, but by an attorney of the Immigration and Naturalization Service who relied on official records of the Service.

For the reasons stated in *Nowak* v. *United States, supra,* we hold that (1) the Government's timely filed affidavit of good cause was sufficient; and (2) a finding of misrepresentation cannot be predicated on Maisenberg's negative answer to the second part of Question 28.

We also are of opinion that the Government has failed to prove by "clear, unequivocal, and convincing" evidence, *Schneiderman* v. *United States,* 320 U. S. 118, 125, 158, that Maisenberg was not "attached to the principles of the Constitution." [3]   As in *Nowak,* the Goverment has attempted to prove its case indirectly by showing that Maisenberg was a member of the Communist Party during the five years preceding her naturalization and that she knew that the Party was illegally advocating the violent overthrow of the United States. We think that the Government has adequately proved that Maisenberg was a member of the Party during the pertinent five-year period.   But, even making the same assumptions on behalf of the Government that were made in *Nowak*—that it was adequately shown that the Party in 1938 advocated violent action for the overthrow of the Government and that lack of "attachment" could be

_____

[3] In view of our decision that, as an objective matter, petitioner has not been shown to have lacked attachment to the principles of the Constitution in 1938, we need not reach the further question under the 1952 Act whether the Government has adequately proved that petitioner misrepresented her attachment or concealed a lack of attachment. See note 1, *supra.*

proved by this method—the Government still cannot prevail. For we do not believe that it has carried the burden of proving that Maisenberg was aware of that alleged tenet of the Party.

Apart from introducing evidence that Maisenberg was an active member and functionary of the Communist Party, and that she had attended various "closed" Party meetings, the Government presented several witnesses who testified to a number of sporadic statements by Maisenberg (or by others in her presence) between 1930 and 1937 which are claimed to show that she was aware of the purpose of the Party "to overthrow the government by force" and to establish "the dictatorship of the proletariat." For much the same reasons given in *Nowak,* we regard this evidence as inadequate to establish the Government's case. In each of the several episodes described by the witnesses the statements attributed to Maisenberg can well be taken as merely the expression of abstract predictory opinions; all of them were of a highly equivocal nature; and the faltering character of much of this testimony as to events of many years before casts the gravest doubt upon its reliability. There is no evidence in the record that Maisenberg herself ever advocated revolutionary action or that she was aware that the Party proposed to take such action. Cf. *Yates* v. *United States,* 354 U. S. 298, 319–322. As we said in *Nowak,* such proof falls short of the "clear, unequivocal, and convincing" evidence needed to support a decree of denaturalization. Accordingly, the judgment of the Court of Appeals is reversed and the case is remanded to the District Court for further proceedings in conformity with this opinion.

*Reversed.*

[For dissenting opinion of MR. JUSTICE BURTON, MR. JUSTICE CLARK and MR. JUSTICE WHITTAKER, see *ante,* p. 669.]