Peter CHAUNT, Defendant-Appellant,

v.

UNITED STATES of America, Plaintiff-Appellee.

No. 15843.

United States Court of Appeals Ninth Circuit.

Sept. 22, 1959.

John W. Porter, San Diego, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Arline Martin, Richard A. Lavine, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, MARIS and BARNES, Circuit Judges.

MARIS, Circuit Judge.

The defendant, Peter Chaunt, appeals from a judgment entered in the District Court for the Southern District of California which revoked a prior order admitting him to citizenship and cancelled his certificate of naturalization on the grounds that his naturalization had been procured by concealment of material facts and by willful misrepresentations. The record, which consists largely of testimony and documents offered by the Government, discloses the following pertinent facts:

The defendant, a native of Hungary, came to the United States in 1921 at the age of 22. During 1928 he worked on a Hungarian Communist daily paper, Uj Elore, and with the Young Communist League in Akron, Ohio. In 1929 and 1930 he had been arrested three times in the City of New Haven, Connecticut, charged in the first two instances with the violation of city ordinances and in the third with a general breach of the peace.

During 1930 and 1931 his name appeared in the Daily Worker in connection with some of his activities. On June 21, 1930 an article entitled, "For Offensive Strategy, by Peter Chaunt, District Organizer, District 15", appeared in the Daily Worker. In 1931 he taught the subject "Leninism" at a Communist training school in Ontario, Canada. From 1930 to 1940 he acted as District Organizer for the Communist Party in certain districts located in Connecticut, New York and Missouri. Also, during some of those years he attended conventions and meetings of the Communist Party.

In November 1939 the defendant filed an application for a certificate of arrival and a preliminary form for petition for naturalization with the Immigration and Naturalization Service in New York. He was orally examined under oath on June 27, 1940 by two examiners of the Immigration and Naturalization Service

as to the questions and answers appearing on his petition, as well as on supplementary questions. His formal petition for naturalization was thereupon filed in the United States District Court for the Eastern District of New York. The petition was granted and the defendant was naturalized on November 28, 1940. Thirteen years later the Government brought the present action for defendant's denaturalization under § 340(a) of the Immigration and Naturalization Act of 1952, 8 U.S.C.A. § 1451(a), charging that, in answering the questions propounded to him, the defendant had concealed material facts and had made willful misrepresentations.

The gravamen of the amended complaint was that prior to and at the time of naturalization the defendant intentionally concealed the facts that he was an active member and officer of the Communist Party, and that he had been arrested, and intentionally and falsely represented that the only organization to which he belonged was the "Fraternal Benefit Society of International Workers Order", that he was attached to the principles of the Constitution and well disposed to the good order and happiness of the United States, and that he had never been arrested, whereas in fact he was a member and officer of the Communist Party and by reason thereof and of his knowledge of the nature and principles of that Party was not attached to the principles of the Constitution or well disposed to the good order and happiness of the United States, and had been arrested three times. The amended complaint further asserted that as a result of these concealments and misrepresentations the Immigration and Naturalization Service did not make a further investigation as to whether the defendant for five years immediately preceding his application had behaved as a person of good moral character attached to the principles of the Constitution and well disposed to the good order and happiness of the United States and whether he could take the oath of allegiance without mental reservation or purpose of evasion, all as required by section 4 of the Immigration and Nationality Act of 1906, 34 Stat. 596, 8 U.S.C.A. § 1448(a). The district court found that the evidence supported the claims made by the Government and entered judgment revoking the order admitting defendant to citizenship and cancelling Certificate of Naturalization No. 4785200. This appeal followed.

■ The defendant contends that the findings of the district court must be set aside as erroneous and that, in any event, the issues are res judicata between him and the Government. In reviewing the findings of the district court in denaturalization cases we must scrutinize the record with utmost care to determine whether the Government had carried its burden of proving by "clear, unequivocal, and convincing" evidence, which does not leave "the issue in doubt", that the citizen who is sought to be returned to the status of an alien obtained his naturalization certificate illegally. Schneiderman v. United States, 1943, 320 U.S. 118, 158, 63 S.Ct. 1333, 1352, 87 L.Ed. 1796; Baumgartner v. United States, 1944, 322 U.S. 665, 670, 64 S.Ct. 1240, 88 L.Ed. 1525; Knauer v. United States, 1946, 328 U.S. 654, 657–658, 66 S.Ct. 1304, 90 L.Ed. 1500; Nowak v. United States, 1958, 356 U.S. 660, 663, 78 S.Ct. 955, 2 L.Ed.2d 1048; Maisenberg v. United States, 1958, 356 U.S. 670, 78 S.Ct. 960, 2 L.Ed.2d 1056.

■ We consider first the defendant's contention that the district court erred in finding that he intentionally concealed the fact of his arrests and willfully misrepresented that he had never been arrested. In his preliminary form for petition for naturalization the defendant answered "No" to Question 30: "Have you ever been arrested or charged with violation of any law of the United States or State or any city ordinance or traffic regulation?" The defendant does not contend that this question is ambiguous. The Government called as a witness Calvin Derrenger, the naturalization examiner who conducted the preliminary examination of the defendant, who testified, inter alia, that it was his custom and

practice, as well as duty under the regulations of the Immigration and Naturalization Service, to cover thoroughly the question of arrests. He identified various marks which appeared on the defendant's preliminary form for petition for naturalization. In respect to the initials "RE" he testified: "They mean that the petitioner could read English. I tested him on that and found he could read English." As to the initials "NCR" he stated: "They mean that I asked the petitioner if he had any record of arrests anywhere and his answer was that he had none, and the 'NCR' stands for no criminal record anywhere". This testimony was undisputed.

The district court found that prior to his naturalization "(a) On or about July 30, 1929, defendant was arrested on the charge that 'at said city and town of New Haven, Peter Chaunt, of the said city and town of New Haven, did then and there distribute in a public street, to wit: Ashmun Street, certain hand-bills against the peace of the State, of evil example, and contrary to the ordinance in such case made and provided. Ord. 729.' Disposition, 'Plea—not guilty—Discharged'; (b) On or about December 21, 1929, defendant was arrested on the charge that 'at said city and town of New Haven, Peter Chaunt, temporarily of said city and town, did make an oration, harangue, or other public demonstration in New Haven Green, outside of the churches. Pages 609 Charter and Ordinances'. Disposition, 'Demurrer filed 12–27–29. Demurrer overruled—Whitaker 12–27–29, plea—not guilty, Found J.S.';" and "(c) that on the 11th day of March, 1930, defendant was arrested and charged at said city and town of New Haven that he 'did commit, violate, Peter Chaunt, general breach of peace'; 'plea N.G., finding G, ordered to be imprisoned in New Haven County Jail and/or to pay fine of $25.00 to stand committed until judgment satisfied. Appealed'". It appears that upon the appeal the defendant pleaded not guilty and the case was "nolled" by the Court of Common Pleas.

The district court found that the defendant's failure to disclose his record of arrests was an intentional concealment of a material fact and a willful misrepresentation which foreclosed the Immigration and Naturalization Service and the district court from making a further investigation as to whether he had all the qualifications for citizenship required by the Act of 1906, as a result of which the Service recommended and the district court granted his petition for naturalization. We think that these findings are amply supported.

█ It has been held that concealment of arrests, revelation of which might have led the Immigration and Naturalization Service to make further investigation of the petitioner, is sufficient ground upon which to base a decree of denaturalization. Del Guercio v. Pupko, 9 Cir., 1947, 160 F.2d 799; United States v. Corrado, D.C.E.D.Mich.1953, 121 F.Supp. 75, affirmed 6 Cir., 1955, 227 F.2d 780, certiorari denied 351 U.S. 925, 76 S.Ct. 781, 100 L.Ed. 1455; United States v. Accardo, D.C.N.J.1953, 113 F.Supp. 783, affirmed 3 Cir., 1953, 208 F.2d 632, certiorari denied 347 U.S. 952, 74 S.Ct. 677, 98 L.Ed. 1098; Stacher v. United States, 9 Cir., 1958, 258 F.2d 112, certiorari denied 358 U.S. 907, 79 S.Ct. 232, 3 L.Ed.2d 228; United States v. Montalbano, 3 Cir., 1956, 236 F.2d 757.

█ Naturalization is a great privilege and one which once granted cannot lightly be taken away. But when granting the right the Government is entitled to frank, honest and unequivocal answers from the petitioner for citizenship to the questions put to him to throw light upon his qualifications or lack of them. And so the defendant here had a duty to answer honestly and fully the questions propounded to him. As stated by the district court in United States v. Corrado, D.C.E.D.Mich.1953, 121 F.Supp. 75, 78, affirmed 6 Cir., 1955, 227 F.2d 780, certiorari denied 351 U.S. 925, 76 S.Ct. 781, 100 L.Ed. 1455: "If he had revealed that he had been arrested it does not necessarily follow that he would have been denied citizenship, but this

was information that the examining officers were charged by law with obtaining and to which they were entitled. The seriousness of the offense and the materiality of any arrest or conviction would be then up to the examining officers, and if they wrongfully refused petitioner naturalization he could then appeal to the courts." It was not necessary for the district court to determine whether, upon further inquiry prompted by knowledge of the defendant's arrests, he would have been found ineligible for citizenship. For the test of the materiality of such a concealment and misrepresentation of facts "is not whether naturalization would have been refused if defendant had revealed the truth, but whether, by his false answers, the government was denied the opportunity of investigating the facts relating to his eligibility." United States v. Chandler, D.C.Md.1957, 152 F.Supp. 169, 177.

The defendant, however, contends that the findings of the district court must be set aside because there is no finding that any of the arrests were valid. For this proposition he relies upon United States v. Kessler, 3 Cir., 1954, 213 F.2d 53. His reliance upon the Kessler case is misplaced. For in that case the Court of Appeals for the Third Circuit concluded, as that court pointed out in United States v. Montalbano, 3 Cir., 1956, 236 F.2d 757, 760, that there had not been an untruthful answer given to the question concerning arrests, and so no fraud had been committed. That conclusion was based upon the fact that the arrests alleged were false arrests without color of right for an offense unknown to the law and which it was, therefore, not the duty of the applicant to report.

 In the present case, however, all three arrests were for offenses known to the law, the first two for the violation of specified New Haven ordinances and the third for a breach of the peace, an offense known at common law. The defendant urges that the first two arrests were for the violation of ordinances which on their face are unconstitutional so that the failure to report them could

not have been a material concealment or misrepresentation. It is possible that the ordinances in question were sought to be enforced against the defendant in violation of his constitutional rights. But neither the text of the ordinances nor the circumstances under which the arrests were made were before the district court. Nor was it necessary that they should be. For the court was not called upon to determine the propriety of the arrests or the guilt of the defendant. Whether the arrests were proper and, if so, the extent of their bearing upon the defendant's qualifications for citizenship were questions which the Immigration and Naturalization Service and the District Court for the Eastern District of New York were entitled to consider in the proceeding for defendant's naturalization. That consideration was blocked by the defendant through his concealment of them.

Moreover the third arrest, that for "general breach of the peace" is not subject to the constitutional attack which the defendant levels against the other two. The failure to disclose it alone would be sufficient to sustain the judgment of the district court. For it is not the number of arrests, nor the character of the offenses, which is the important factor. It is the concealment of any material fact sought to be inquired into, including any arrest, which is the fraudulent act and which justifies not only the finding of fraud, but also the finding which the district court here made, that the defendant had not been of good moral character for a period of five years immediately preceding his application and thus did not meet the statutory prerequisite to citizenship. Del Guercio v. Pupko, 9 Cir., 1947, 160 F.2d 799; United States v. Lumantes, D.C.Cal.1955, 139 F.Supp. 574, affirmed 9 Cir., 1956, 232 F.2d 216; United States v. Montalbano, 3 Cir., 1956, 236 F.2d 757.

In the absence of any explanation by the defendant of his answer of "No" to the question in respect to arrests, we find that the record fully justifies the finding of the district court that he deliberately

concealed his arrests and falsely represented that he had never been arrested. Since these findings furnish ample support for the judgment revoking the defendant's naturalization it is unnecessary for us to consider whether, as the defendant urges, the findings of the district court as to his concealment of his membership in the Communist Party and as to his lack of attachment to the principles of the Constitution and his disposition toward the good order of the United States can stand in the light of the decisions of the Supreme Court in Nowak v. United States, 1958, 356 U.S. 660, 78 S.Ct. 955, 2 L.Ed.2d 1048, and Maisenberg v. United States, 1958, 356 U.S. 670, 78 S.Ct. 960, 2 L.Ed.2d 1056, which were handed down after the district court entered its judgment in this case.

We come then to the defendant's final argument that the issues sought to be raised by the Government in this case were concluded by the order of the district court which admitted him to citizenship and are res judicata in this proceeding. As to this it is sufficient to say that the overwhelming weight of authority is to the effect that, at least in the case of an order of naturalization procured, as in this case, ex parte without an actual contested litigation of the issues, the issues as to concealment of material facts and willful misrepresentations in the procurement of the order of naturalization are open in a subsequent suit by the United States for the revocation of the order and the cancellation of the certificate of naturalization. Tutun v. United States, 1926, 270 U.S. 568, 579, 46 S.Ct. 425, 70 L.Ed. 738; Baumgartner v. United States, 1944, 322 U.S. 665, 672, 64 S.Ct. 1240, 88 L.Ed. 1525; Knauer v. United States, 1946, 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500; Stacher v. United States, 9 Cir., 1958, 258 F.2d 112, 119–120, certiorari denied 358 U.S. 907, 79 S.Ct. 232, 3 L.Ed.2d 228.

The judgment of the district court will be affirmed.