**Woodrow FREY and Betty Frey**

v.

**Gerald Dean WOODARD, Joe McCracker and the United States of America.**

Civ. A. Nos. 79–1458 and 79–1533.

United States District Court,
E. D. Pennsylvania.

Sept. 18, 1981.

Charles Hair, Allentown, Pa., for plaintiffs.

Gary Tilles, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff, while walking across a North Carolina highway, attempted to evade a truck driven by a Marine Corps sergeant. While successfully doing so, he was forced into the path of a vehicle driven by defendant Woodard. Plaintiff seeks compensation pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for the injuries which he sustained in the resulting accident. *See Frey v. Woodard*, 481 F.Supp. 1152 (E.D.Pa. 1979) (granting defendant's motion for summary judgment) and order dated January 24, 1980, vacating the previous entry of summary judgment. Late last winter, defendant, United States, noticed the North Carolina depositions of various eye-witnesses. At that time, plaintiff's counsel expressed the concern that his clients could not afford the costs associated with such discovery. Nevertheless, all counsel agreed to attend the depositions subject to plaintiff's right to file a *post-deposition* "protective order" pursuant to Fed.R.Civ.P. 26(c) seeking reimbursement of costs. We deny plaintiff's motion for the reasons below.

Fed.R.Civ.P. 37(f) specifically prohibits awarding costs against the United States unless otherwise authorized by statute. The relevant statute, 28 U.S.C. § 2412, provides in pertinent part that

> a judgment for costs ... *not* including fees and expenses may be awarded to a prevailing party in any civil action brought by or against the United States.

(emphasis added).

Moreover, the Advisory Committee notes of the 1980 Amendments to the Rule opine that where a government attorney fails to participate in good faith discovery the Court's

> only real remedy may be to give written notification of that fact to the Attorney General of the United States and other appropriate heads of offices or agencies thereof.

Finally, in discussing discovery sanctions available against the government, one court recently observed that:

There are, of course, limitations upon Rule 37 sanctions that may be imposed against the Government ... expenses and attorney's fees may not ordinarily be imposed against the United States.

*In re Attorney General of The United States*, 596 F.2d 58, 66 (2nd Cir. 1979), *cert. denied*, 444 U.S. 903, 100 S.Ct. 217, 62 L.Ed.2d 141 (1980).

Accordingly, since the Federal Rules prohibit taxation of costs against the government absent statutory authorization and there being no such applicable statute, plaintiff's motion will be denied.