**UNITED STATES of America**

v.

**Mykola SCHUK, a/k/a Mykola Zhuk, a/k/a Nikolaj Schuk, a/k/a Michael Schuk.**

Civ. A. No. 83–612.

United States District Court, E.D. Pennsylvania.

May 24, 1983.

John E. Riley, Philadelphia, Pa., for plaintiff.

John Rogers Carroll, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Claiming that defendant knowingly concealed relevant biographical data from his application for citizenship, the Government instituted this denaturalization proceeding. 8 U.S.C. § 1451. Specifically, the complaint charges that defendant failed to disclose his participation, between 1941–1944, in the execution of hundreds of Jews in the Nazi-occupied Gorodische region of the Ukraine. Defendant, moving to dismiss, argues that the affidavit appended to the complaint, 8 U.S.C. § 1451(a), impermissibly relies upon hearsay information rather than the affiant's personal knowledge. Continuing, defendant claims that "geopolitical" considerations preclude him from employing the full array of discovery tools otherwise available. Therefore, defendant reasons that general notions of due process compel dismissal. Finally, defendant argues that laches or estoppel bar this action. We will deny the motion to dismiss because we conclude that each of these contentions lack merit.

■ Relying upon *United States v. Zucca,* 351 U.S. 91, 76 S.Ct. 671, 100 L.Ed. 964 (1956), defendant claims that the affidavit of good cause appended to the complaint, 8 U.S.C. § 1451(a), is fatally defective in that the affiant's statements are based upon a review of specified files rather than upon personal knowledge. Defendant's reliance upon *Zucca* is, however, misplaced. The *Zucca* court considered the "sole question" of whether the "filing of the affidavit [of good cause is] a prerequisite" to the maintenance of a denaturalization action. *United States v. Zucca,* 315 U.S. at 91, 76 S.Ct. at 671.

*Zucca* simply did not address the issue at bar, *i.e.,* the form and sufficiency of an affidavit which must be filed pursuant to 8 U.S.C. § 1451(a). *Nowak v. United States,* 356 U.S. 660, 78 S.Ct. 955, 2 L.Ed.2d 1048 (1958), decided two years after *Zucca* specifically held that the statute is satisfied by an affidavit based upon facts contained in files to which the affiant has access. *See also, Maisenberg v. United States,* 356 U.S. 670, 78 S.Ct. 960, 2 L.Ed.2d 1056 (1958); *United States v. DeLucia,* 256 F.2d 487, 488 (7th Cir.1958); *United States v. Ryan,* 360 F.Supp. 265, 269 n. 6 (E.D.N.Y.1973), *aff'd,* 478 F.2d 1397 (2nd Cir.1974). Any contention that a "good cause" affidavit which lacks personal knowledge is statutorily infirm "must be rejected". *Nowak v. United States,* 356 U.S. at 662, 78 S.Ct. at 956.

In the case at bar, the "good cause" affidavit establishes that the affiant, the Department of Justice's Deputy Director of the Office of Special Investigations, has access to records and files which relate to the wartime activities of the defendant. The affidavit states that between 1941–1944 defendant, a member of the Nazi established police force, participated in the expropriation of property, rounding-up and detaining persons based upon their religious and political beliefs, deportation of persons to forced labor camps and the execution of Jews. Continuing, the affidavit states that defendant misrepresented his wartime activities on his application for a visa by stating that, during the relevant time, he was engaged in forced labor in Spittol, Austria. Finally, the affiant swears that defendant's citizenship was procured illegally or through misrepresentations. These averments, tested against *Nowak,* satisfy the statutory "good cause" standard. 8 U.S.C. § 1451(a).

■ Defendant's motion also argues that the evidence which the Government will produce, purportedly with the aid of Soviet authorities, is so inherently unreliable that its use in court would amount to a due process violation. Defendant claims that his witnesses are in the Soviet Union and that that nation will refuse him permission to fairly investigate the facts underlying this action or to depose potential witnesses.

We reject this contention because it ignores both the fact that defendant may initiate discovery procedures in Eastern European nations, *United States v. Walus,* 616 F.2d 283, 304 (7th Cir.1980); *Danisch v. Guardian Life Insurance Co. of America,* 19 F.R.D. 235 (S.D.N.Y.1956), and other legal precedent. In *United States v. Linnas,* 527 F.Supp. 426, 433–44 (E.D.N.Y.1981), defendant contended that evidence obtained in the Soviet Union should be excluded because that government purportedly manipulated and manufactured evidence. The court rejected the attack on "Soviet-source" evidence because defendant was unable to point to any facts which demonstrated that such evidence was, in fact, corrupt. *Id.* Similarly, Judge Pollak rejected a somewhat analogous challenge with the conclusion that defendant had failed to "*establish* as a matter of law that no deposition taken in the Soviet Union would be reliable". *United States v. Trucis,* 89 F.R.D. 671, 674 (E.D.Pa.1981) (emphasis added). *Accord, United States v. Osidach,* 513 F.Supp. 51, 89–90 n. 22 (E.D.Pa.1981) (Bechtle, J.) Defendant's unsupported fear that he will be unable to pursue discovery, or that any discovery taken will be unreliable, is simply premature and too speculative to compel dismissal.[1]

■ Defendant's motion also urges, without citation, that laches and estoppel bar this action. Local R.Civ.P. 20(c) mandates that motions be supported by an appropriate legal memorandum. Where this re-

quirement is not met, the motion is properly deemed abandoned. *Shoemaker v. Allender,* 520 F.Supp. 266, 271 (E.D.Pa.1981); *MOVE Organization v. City of Philadelphia,* 89 F.R.D. 521 (E.D.Pa.1981). *Cf., Wirtz v. Hooper-Holmes Bureau,* 327 F.2d 939, 943 (5th Cir.1964) (Local rules for the conduct of trial courts should not be ignored "except for compelling reasons").

■ In any case, the defenses of laches and estoppel are unavailable to defendants in denaturalization cases. *Costello v. United States,* 365 U.S. 265, 281, 81 S.Ct. 534, 542, 5 L.Ed.2d 551 (1961); *United States v. Weintraub,* 613 F.2d 612, 618–19 (6th Cir. 1979) (*Costello's* "primary holding" was that laches is "inappropriate"); *United States v. Schellong,* 547 F.Supp. 569, 576–577 (N.D. Ill.1982).

An appropriate order shall issue denying defendant's motions to dismiss and for a protective order.

---

1. Defendant's motion for a protective order will likewise be denied. *See, United States v. Trucis, supra,* and *United States v. Osidach, supra.*

Defendant also seeks expenses which he anticipates his counsel will incur while traveling to and attending depositions in the Soviet Union. These expenses are not authorized by statute and are not recoverable at this juncture. *Frey v. Woodard,* 91 F.R.D. 540 (E.D.Pa.1981); 28 U.S.C. § 2412.